WILLIAM D. MEAD, Respondent, *v.* PATRICK F. SHEA, as Executor, etc., Appellant.

A request to the court on trial to rule as to the order in which counsel shall address the jury can only properly be made after the whole evidence has been presented.

Plaintiff's complaint stated two causes of action, one upon two promissory notes indorsed by S., defendant's testator, the other for goods sold. To the first defendant pleaded payment, to the second a general denial. Plaintiff opened the case and gave evidence as to both causes of action. After the evidence had been substantially closed defendant's counsel moved for judgment on the last cause of action. To this the court replied, "my impression is there is not evidence to warrant a recovery. I think I shall so direct the jury." No further request as to that cause of action was made, and no exception was taken to the omission of the court to rule on the request. Said counsel then stated to the court " we have established the affirmative of the issue." The court replied, " I think not, I think the pleadings control that." To which said counsel excepted. Some further evidence was given by defendant, and the court, in submitting the case to the jury, withdrew from their consideration the claim for goods sold. *Held,* that the colloquy between court and counsel did not amount to a claim or denial of the right of the latter to the closing address to the jury ; but conceding this, the court properly declined to allow the right, as at the time nothing had occurred which prevented the final submission to the jury of the issue as to the second cause of action, and there was, therefore, at the time the request was made an issue undisposed of as to which plaintiff had the affirmative and the right to close.

It appeared that H., in the spring of 1876, doing business in the name of his wife, purchased stone of plaintiff to the amount of $800, giving in payment her notes indorsed by S., which were renewed from time to time until April 7, 1877, when the notes in suit were given. In October, 1876, the H.'s purchased another lot of stone of plaintiff, and on the 27th of the month Mrs. H. delivered to him an order on R. for $800, which was accepted and paid in the spring and summer of 1877. The H.'s both testified that this order was given in payment of the notes indorsed by S. Plaintiff testified in his own behalf that the order was given to apply on the October purchase. Plaintiff was permitted to prove, as bearing upon the credibility of the H.'s, their letters and declarations as to the purchases and the manner of payment written and made both before and after the giving of the order. *Held,* that the evidence was properly received. Also that the objection that as the evidence tended to contradict the testimony of the H.'s their attention should have

first been called to, and they interrogated in regard thereto could not be presented here, it not having been raised on the trial.

(Argued March 22, 1883; decided March 30, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, made September 6, 1882, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

The nature of the action and the material facts are stated in the opinion.

*Jesse Johnson* for appellant.    The transactions between Mead and Henright, subsequent to October 25, 1876, were clearly irrelevant and improper as evidence against Shea.   (1 Wharton on Evidence, §§ 551, 566; 1 Greenleaf on Evidence, § 462; *Bullis* v. *Montgomery*, 50 N. Y. 352, 358, 359; *Anderson* v. *R. & W. R. R. Co.*, 54 id. 340–343; *Gandolfo* v. *Appleton*, 40 id. 533, 539; *Worrill* v. *Parmerlee*, 1 id. 519, 521; *Wilson* v. *Wilson*, 4 Abb. Ct. App. Dec. 621; *Happy* v. *Mosher*, 48 N. Y. 313, 320.)    The defendant, at the close of the testimony, was entitled to the affirmative in the summing up to the jury.    (*Houghton* v. *Townsend*, 8 How. 441; *McKyring* v. *Bull*, 16 N. Y. 297; *Millerd* v. *Thorn*, 56 id. 402; *Elwell* v. *Chamberlain*, 31 id. 611; *DeGraff* v. *Carmichael*, 13 Hun, 129.)

*Joseph M. Lawson* for respondent.    Plaintiff was properly allowed to close the case.    (*Huntington* v. *Conkey*, 33 Barb. 218, 227, 228; *Fry* v. *Bennett*, 28 N. Y. 324, 329; *Elwell* v. *Chamberlain*, 31 id. 611, 620; *DeGraff* v. *Carmichael*, 13 Hun, 129; *Millerd* v. *Thorn*, 56 N. Y. 402; *Murray* v. *N. Y. L. Ins. Co.*, 85 id. 236.)

RUGER, Ch. J.    The defendant seeks to reverse the judgment in this action, because he was not permitted to make the closing argument to the jury.    The question was claimed to have been raised by the following colloquy towards the close of the

evidence. Defendant's counsel, "I desire further that we have established that we have the affirmative of the issue." The court, "I think not. I think the pleadings control that."

"Exception by defendant's counsel."

We think that it might very well be said that this language neither constitutes a claim nor a denial of the right of either party to address the jury. The right to deliver the closing address might be one of the consequences of the proposition suggested to the court, but it is not embraced in the language used by the counsel. Even after this ruling by the court further evidence was given in the case by the defendant, and a request that the court should rule on the order in which counsel should address the jury, could only properly be made after the whole evidence had been presented. But we think there was another ground upon which the court might have properly declined to allow the defendant the right of making the closing address. Issues were formed by the pleadings upon two causes of action, and they were both tried together. The first was upon two promissory notes, to which the defendant pleaded payment. The second was upon a sale of merchandise; to this the defendant pleaded a general denial.

The plaintiff opened the case to the jury and gave evidence tending to establish both causes of action. The defendant gave evidence tending to establish a defense to both claims. After the evidence had been substantially closed, the defendant moved for judgment on the last cause of action. To this motion the court replied : " My impression is there is not evidence to warrant a recovery. I think I shall so direct the jury, not sufficient evidence to warrant a recovery for the bill of $58.81." No further request relating to that cause of action was made by the defendant's counsel, neither did he except to the omission of the court to rule upon his request, although the court finally excluded this claim from the consideration of the jury. At this time nothing had occurred which precluded the court from finally submitting it to the jury. It was obviously improper for the court to rule finally upon that question until it had heard the plaintiff's counsel in relation thereto.

It thus appears that at the time when the defendant presented his request to the court to have the final address to the jury, there was an issue in the case undisposed of upon which the plaintiff held the affirmative, and therefore had the right to close.   We think the question was properly disposed of by the court below.

It is claimed by the defendant that the court erred in admitting certain evidence offered by the plaintiff under the plea of payment.   It appeared in evidence that one Henry Henright, doing business at Brooklyn, in the name of his wife, Bridget Henright, purchased of the plaintiff, in the spring of 1876, a quantity of stone of the value of about $800, that he gave in payment for this stone Bridget Henright's notes indorsed by the defendant Shea, that these notes ran along and were renewed from time to time until April 7, 1877, when the two notes in suit, and a third note for about $279, was given by Shea to take up the prior notes.

It also appeared that in October, 1876, the plaintiff sold another lot of stone to the Henrights, amounting to about $1,035, and that on the 25th day of October, 1876, Bridget Henright delivered to the plaintiff an order on one Russell, which the latter afterward accepted for $800, and which was paid in the spring and summer of 1877.

Upon the trial Henry and Bridget Henright were called as witnesses for the defendant, and both testified, among other things, that the $800 order, upon Russell, was given to the plaintiff in payment of the Shea notes, and that at the time they expressed their gratification at being able to discharge Shea from his obligation, because he had done so much for them.   It did not appear that they ever asked Mead to return the Shea notes, but it did appear that six months after this alleged payment, Shea gave the two notes in suit and also another note for about $279, which he paid in October, 1877.   It also appeared that the Henrights did not inform Shea, although living in the same city with him, of the alleged payment until after the commencement of this action in January, 1879.

The plaintiff testified, in his own behalf, that the $800 order

was given to apply upon the purchase of stone made in October, 1876, and that nothing was said about applying it upon the Shea notes.

The only question left to the jury was which of these two versions was true. It is obvious that any evidence legitimately tending to affect or impair the credibility of either of the witnesses would not only be important but also competent and relevant to the issue.

The evidence objected to was offered by the plaintiff and related to letters written by and acts and declarations of the Henrights both before and after the time of the alleged payment.

The letters and negotiations between the Henrights and plaintiff, relating to the purchases of stone and the manner of its payment, occurring before the date of the alleged payment, were objected to by the defendant upon the ground of their immateriality alone. The court admitted the testimony only as affecting the credibility of the witnesses ; — we think it was competent, not only upon that ground, but also as part of the *res gestæ*, and that, therefore, the objection was properly overruled.

While the subsequent acts and declarations of the same witnesses, inconsistent with the testimony given by them on the trial, could not be shown as evidence in chief or as establishing the truth of what was then said or done by them, yet the proof was competent as bearing upon the credibility of the witnesses and the probabilities of the transaction relating to the alleged payment as testified to by them. If the delivery of the order to Mead operated as a payment upon the Shea notes at the time it was made, the subsequent conduct or acts of the Henrights could not change the legal effect of such delivery.

The evidence in question was not received for that purpose, but was limited by the court when offered as bearing solely upon the credibility of the witnesses. Very much of the evidence as to the subsequent correspondence and negotiations between the Henrights and plaintiff had been given before any objection was interposed thereto by the defendant.

The fact that plaintiff received the $800 order from Henright and that it was paid in the spring of 1877 was proved by the defendant upon the plaintiff's cross-examination.

A note for $121.79 given by Henright to plaintiff, dated September 16, 1879, had been received in evidence, and the fact that Henright gave such a note and another order some eighteen months thereafter upon Russell for $134.87 to apply upon the second purchase of stone, and which note and order together amounted to precisely the balance due upon such purchase after applying thereon the $800 order, had also appeared in evidence.

After this evidence had been admitted without exception, the plaintiff again offered to read the note for $121.79 and also a memorandum of the second purchase made by himself at the time of the giving of the second order, and which he claimed to have read to Henright at the time, showing the amount thereof and the application thereon of the two orders and note.

This was objected to as immaterial and incompetent.

We think that this was not only material, but also competent. It was certainly material upon the question of the credit to be given to the testimony of the Henrights and to the application of the $800 order. It tended directly to contradict the evidence which both of the Henrights had given upon the vital issue in the case. We have already seen that the acts and declarations of a witness, which are inconsistent with his testimony, may be given in evidence against him; this evidence was, therefore, competent and the defendant was not entitled to have it excluded upon the grounds stated by him.

The rule, that a party seeking to avail himself of an exception to the admission of improper evidence on a trial must point out the particular ground of his objection, is a salutary one, and its application here is proper and just. If the objection had been taken that Henright had not been previously interrogated in regard to this transaction, it could easily have been obviated by calling him upon the stand and thus laying the foundation for his contradiction. A party ought not to be allowed to remain silent and conceal the real objections which

hê may have to the admissibility of evidence, and then, after misleading his adversary by frivolous objections, for the first time reveal his real complaint in the appellate court.

Under the particular circumstances of this case, it appearing that the evidence objected to directly conflicted with the whole character of the transaction as previously sworn to by the Henrights, no useful object could have been served by calling their attention to the details of the interview occurring at the time the memorandum was presented.

The objections, therefore, were purely technical in their character and the defendant should be held to the application of strict rules in their consideration here.

The exceptions taken to the charge of the court after the jury retired were too general and vague to present any question for review.

It follows from the views expressed that the judgment should be affirmed.

All concur.

Judgment affirmed.