GOEDECKE *et al. v.* SCHWERIN *et al.*

*(Common Pleas of New York City and County, General Term.* June 1, 1891.)

1. PARTNERSHIP—LIABILITY OF PARTNERS—LIMITATION.
    An agreement that one member of a partnership shall not be charged with losses resulting from bad debts of the firm and ill commodities is valid and enforceable among the partners.
2. APPEAL—CONFLICTING EVIDENCE.
    Where the evidence is in direct conflict, a verdict will not be disturbed on appeal, unless it is clearly against the weight of evidence.

Appeal from trial term.

Action by Richard Goedecke and another against Leopold M. Schwerin and others, to recover a share of the profits of a joint adventure entered into between the parties to this action for the manufacture and sale of campaign buttons and badges. From a judgment in favor of plaintiffs, and an order denying defendants' motion for a new trial made upon the minutes, defendants appeal.

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*David Tim,* for appellants. *John Fennel,* for respondents.

BISCHOFF, J. Plaintiffs, constituting the firm of Goedecke Bros., and defendants, constituting a firm doing business as the National Button-Works, entered into an agreement for the manufacture and sale of campaign buttons and badges; plaintiffs to make and deliver the dies required in such manufacture, and defendants to assume the manufacture and sale. According to plaintiffs' version of the agreement, the defendants were to be allowed, out of the gross product of sales, only the cost of manufacture; and the balance was to be divided in the proportion of two-fifths to plaintiffs, and three-fifths to defendants. Defendants, however, claim that they were to be allowed, in addition to the cost of manufacture, the value of goods sold and returned, the traveling and business expenses incurred in promoting sales, stock remaining unsold, and bills remaining uncollectible. Testimony was introduced in support of these several versions of the agreement, the plaintiff Herman Goedecke asserting that it was agreed that, after deducting the cost of manufacture, the division of the remainder of the proceeds of sale was to be made; and defendant Christian Kessler insisting that there was an express understanding to reimburse the defendants for the cost of manufacture, the necessary business and traveling expenses, losses, and goods returned. It was conceded on the part of the defendants that the gross sales amounted to $3,389.54, and much, if not the greater part, of the evidence adduced for both sides was directed to establish the cost of manufacture. One of the plaintiffs'

witnesses, Haas, estimated the cost at 65 cents per gross for the buttons, and $1.35 per gross for the badges; and at these rates the cost of the goods conceded to have been made and sold—328 gross $8\frac{1}{2}$ dozen buttons and 422 gross 3 dozen badges—would have been about $783. According to the testimony of the defendant Schwerin, the actual cost of manufacture was $1,492.61. Not a single exception was taken to the admission or exclusion of evidence, and the court charged the jury that they were to determine from the evidence what the terms of the agreement between the parties were, and what the items were for which defendants, pursuant to such agreement, were to be reimbursed before a division of the profits was to be made. The jury were furthermore directed to ascertain and determine from the evidence the cost of manufacture, and to arrive at a conclusion anywhere between $783, as testified for plaintiffs, and $1,492.61, as testified for defendants; and to disallow the item of $504.75, bills uncollectible, if from the evidence they were satisfied that the terms of the agreement between the parties did not entitle defendants to such a deduction. No request to charge was made on behalf of defendants, nor did they except to the charge made in any manner. The jury found for plaintiffs in $526.17, and from the special finding, made as to the various items involved, it appears that they arrived at this conclusion by fixing the cost of manufacture at $950, and allowing defendants all deductions claimed by them from the gross amount of sales, excepting the item of $504.75, bills uncollectible. Counsel for defendants then moved that the verdict be set aside as being against the evidence and the weight of evidence, and for a new trial upon the several grounds specified in section 999 of the Code of Civil Procedure. Both motions were denied, and the exceptions thereto present the only grounds of alleged error urged for reversal. Neither exception is available. The verdict is in every detail consistent with the charge, and it was proper for the court to direct the jury to determine, upon the conflict of evidence presented, what the cost of manufacture was, accepting as the lowest estimate of the cost the amount shown by plaintiffs, and as the highest the amount claimed by defendants; and, in the absence of an exception to the charge, and a request that the jury be instructed to find the cost of manufacture, either as claimed by plaintiffs or as claimed by defendants, the latter must be deemed to have acquiesced in the submission of the question of cost to the determination of the jury, and cannot now be heard to complain because their version was rejected. The same must be said of defendants' contention, on this appeal, that the jury unauthorizedly disallowed the item of $504.75 for bills uncollectible. This was one of the items in dispute, plaintiffs claiming that, from the gross amount of sales, only the cost of manufacture was to be deducted before division, while defendants maintained that plaintiffs had agreed to an allowance also of losses resulting from uncollectible demands. This involved a disputed question of fact, and was properly submitted to the jury, and determined by them.

It is, however, now claimed that the agreement between the parties to share in the profits of a joint adventure constituted them partners, and that plaintiffs were therefore chargeable in law with a proportion of the losses accruing from uncollectible demands in favor of the copartnership. The answer to this claim is that there was evidence of an express understanding that plaintiffs were to be charged only with their proportion of the cost of manufacture, thus excluding all liability for other causes, and the verdict of the jury, in favor of plaintiffs on this point, must be accepted as conclusive. Even among partners, an agreement that one of them shall not be charged with losses resulting from bad debts and ill commodities is valid, and would be enforced. The rule that all the partners must bear such losses does not prevail where the liability of one of them is limited in that respect by express agreement. Another answer is that, if defendants had desired to avail themselves of any legal obligation of the plaintiffs growing out of the peculiar relation-

ship of the parties respecting their joint undertaking, the trial court should have been specifically requested to instruct the jury that the plaintiffs must be charged with their proportion of the losses sustained from bad debts. This was not done, and the defendants cannot for the first time, on appeal, be allowed to raise objections which could have been obviated had they been raised at the trial. *Cohn* v. *Goldman,* 76 N. Y. 284; *Mead* v. *Shea,* 92 N. Y. 122. There is sufficient evidence to support the verdict, and, after careful consideration, we cannot say that the evidence for the defendants so preponderates in their favor as to justify us in reversing the judgment. The judgment and order appealed from must be affirmed, with costs. All concur.