William Lewis Boyle, Appellant, *v.* The Staten Island and South Beach Land Company (Limited), Respondent.    Actions Nos. 1 and 2.

*Consolidation of actions — not made until after answer.*

Where the defendant seeks to consolidate two actions brought against him by the same plaintiff, it is the better practice to wait until answers have been interposed in each action from which the court can better determine the issues involved and the propriety of consolidating the actions.

Before an answer was served in either of two actions a motion was made to consolidate them; one action was brought to recover the amount of interest coupons on negotiable promissory coupon notes and the other to recover for moneys paid out to the use of the defendant.    One of the directors, and the principal owner of the stock of the defendant, by affidavit, alleged as to the first cause of action that the plaintiff did not own the coupons, and as to the second cause of action alleged the defendant was not indebted to the plaintiff, but that an accounting would show that the plaintiff was largely indebted to the defendant.

*Held,* that the possible difference in the nature of the two actions and in their manner of trial made the motion to consolidate premature.

Appeal by the plaintiff in the above-entitled actions, William Lewis Boyle, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of March, 1894, consolidating

## 234    BOYLE *v.* STATEN ISLAND LAND CO.

the two actions by the same plaintiff against the same defendant into one action.

*Willard Parker Butler*, for the appellant.

*Robert L. Harrison*, for the respondent.

O'BRIEN, J. :

The first action is brought to recover the amount of interest coupons on certain negotiable promissory coupon notes issued by the defendant corporation and payable to the bearer. The second action is brought to recover for moneys alleged to have been paid out to the use of the defendant. Before answering and upon an affidavit of one of the directors and principal owner of the stock of the defendant, averring that the plaintiff is not the owner of the interest coupons sued upon in the first action, and that the defendant is not indebted to the plaintiff in any sum in the second action, but that on the contrary the plaintiff is indebted to the defendant in a large amount, as will appear upon an accounting, the claim being that the plaintiff was the agent of the defendant and manager of the real estate constituting the property of the defendant, the object of which was to manage, develop and sell real estate, a motion for the consolidation of both actions into one was made.

Section 817 of the Code of Civil Procedure provides that "when two or more actions in favor of the same plaintiff against the same defendant, for causes of action which may be joined, are pending in the same court, the court may in its discretion, by order, consolidate any or all of them into one action."

No doubt both of these actions, being upon contract, could be joined in one complaint, but this is not necessarily controlling upon the question whether they should or should not be consolidated. If the issues or the questions arising were different, or if for any other good and sufficient reason it was not proper for the court to exercise its discretion in favor of granting the motion, it should have been denied. Whether the issues and questions will be identical cannot be determined definitely until the answers are interposed. For this reason we think it the better practice to wait before making a motion to consolidate until after the interposition of answers, because it is only then that the issues are definitely determined, and thus the court is in a better

position to determine upon the identity of issues or questions involved in two or more actions sought to be consolidated. Here the first action, being to recover upon coupons, is affected by section 1778 of the Code, and, therefore, pursuant to such section, " unless the defendant serves with a copy of his (its) answer or demurrer a copy of an order of a judge directing that the issues presented by the pleadings be tried, the plaintiff may take judgment as in case of default in pleading." By the order of consolidation no effect is given to this section, because without answering the defendant has obtained an order directing that the issues be tried in connection with another suit brought against it by the plaintiff upon a different cause of action, and without its being made clearly and definitely to appear that the questions or issues to be tried are the same. Even assuming that the defense outlined in the affidavit, that the plaintiff is not the owner of the coupons, be interposed, the action upon the coupons is one that can be tried upon the short cause calendar before a jury ; whereas, in the other action, if an accounting is to be entered upon to determine whether the plaintiff is indebted to the defendant or the defendant to the plaintiff it may involve the examination of a long account and be referable. Unless, therefore, it appeared that the accounting which the defendant intended by its answer to demand of the plaintiff as its agent was in some way connected with the obtaining and possession of the coupons in his like capacity as agent, the similarity between the questions involved is wanting.

We think upon the showing made the motion should have been denied and that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, but with leave to renew after issue joined.

FOLLETT, J., concurred.

VAN BRUNT, P. J. :

I dissent from so much of this opinion as proposed to grant leave to renew.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to renew after issue joined.