### PARRISH v. SUN PRINTING & PUBLISHING ASS'N.

(Supreme Court, Appellate Division, First Department. June 5, 1896.)

1. TRIAL—RIGHT TO OPEN AND CLOSE.
    In a jury trial the right to open and close is substantial, and is a legal right, not resting in the discretion of the trial judge.
2. LIBEL—TRIAL—OPENING AND CLOSING.
    In actions for libel the burden of the issues is in all cases on plaintiff, and it is error to allow defendant the opening and closing.
3. TRIAL—PLEADING—ACTING UPON ORAL AMENDMENTS.
    It is not proper practice for a trial court to base rulings on oral amendments to the pleadings, offered on going into trial, and not reduced to writing.

Appeal from court of common pleas, trial term.

Action by Benjamin F. Parrish against the Sun Printing & Publishing Association for libel. From a judgment entered on a verdict in favor of plaintiff for six cents damages, and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

W. A. Purrington, for appellant.

Franklin Bartlett, for respondent.

BARRETT, J.    This is an action for libel.    The complaint set out the publication of the libelous article, with appropriate innuendoes. It averred that the article first published was wantonly, wickedly, and maliciously contrived and intended to injure the plaintiff in his good name, fame, and credit, and that it was wantonly and maliciously false.    As to the second article, it averred that its statements were deliberately and maliciously published concerning the plaintiff by defendant, contriving to injure him in his profession as a physician. He demanded $50,000 damages.    The defendant admitted the publication of the articles, but denied each and every other allegation in the complaint.    It also pleaded justification, and matter in mitigation.    Upon the opening of the trial the defendant's counsel made the following statement:

"If your honor please, I withdraw my general denial, admit the publication of the article, and stand on justification and privilege and mitigation, and ask for the opening and closing."

A colloquy thereupon ensued between counsel and the trial judge. The defendant's counsel claimed—First, that the defendant had the absolute right to open and close; second, that, if not, it was a matter of discretion, and that that discretion should be exercised in favor of the defendant.    The plaintiff's counsel stated that he understood that, in withdrawing the denials, actual malice was admitted.    The defendant's counsel replied that he did not understand what the plaintiff's counsel understood.    It is apparent from the entire colloquy that the defendant meant to withdraw only the denial of that malice which the law implies from the publication, and that it had no intention of withdrawing its denial of actual malice.    The answer was not amended, and the withdrawal was not reduced to writing. It would, indeed, have been impossible for the defendant seriously to present its other defenses, in the face of such an admission as that of express malice.    The case was tried throughout upon the assumption that there was no such admission, and that the defendant was chargeable only with implied malice.    The learned trial judge, however, against the plaintiff's objection and exception, granted the application, and gave the defendant the opening and the close.    This, we think, was error.    It is now well settled in this state that upon a jury trial the right in question is substantial, and its denial reversible error.    It is a legal right, not resting in the discretion of the trial judge.    Millerd v. Thorn, 56 N. Y. 402; Bank v. Judson, 122 N. Y. 278, 25 N. E. 367.    Notwithstanding the withdrawal of the denials, and assuming that the answer was thus effectively amended, the affirmative was with the plaintiff.    Nothing could change this, short of an admission that the plaintiff's damages were fully $50,000, and that the verdict, if in his favor, should be for that precise sum. The retention in the answer of matter in mitigation completely negatived the oral withdrawal of the denials on this crucial head.    There was throughout an issue as to the amount of the plaintiff's damages. Such damages were certainly not conceded.    The affirmative with re-

gard thereto was upon the plaintiff. He had a right to prove express malice if he could. He also had a right to show the nature of his profession, and the circumstances which surrounded him, as bearing on the hurtful tendency of the libel, and the general damage to which he was exposed. Morey v. Association, 123 N. Y. 210, 25 N. E. 161. Even if the plaintiff had stood upon the implied malice legally resulting from the publication, the affirmative would still have been upon him. It may safely be asserted that in all cases where exemplary damages are allowable the affirmative is upon the plaintiff. The damages are part and parcel of the plaintiff's case. They are interwoven with the wrong presented for redress. The plaintiff must make out every element of his case. He may make out the element of damage by proof of express malice, or by resting upon the implication of malice. In either case the affirmative is upon him. Where the libel is admitted, the plaintiff must still go to the jury upon the question of damages. Suppose the defendant here, after securing the affirmative, had itself rested, without putting in any evidence; would the court have directed a verdict for the plaintiff? Not at all. The court would have been required to submit to the jury the question of damages. Under the ruling made, the plaintiff would have first addressed the jury, and the defendant would have closed the debate. Thus the defendant would have reversed the natural order of things, and, without conceding the damages, would have secured the affirmative on that head. Now, although the defendant did put in some evidence, that improper advantage is precisely what it secured by the ruling complained of. It had the last word upon the quantum of damages. That last word was potential, as is strikingly evidenced by the verdict, which was for but six cents. Clearly, the plaintiff was thus prejudiced by the court's reversal of the normal rule in this class of cases. We have never before known of a departure from this rule, and the authorities which maintain it are numerous and uniform. Fry v. Bennett, 3 Bosw. 232, 28 N. Y. 324; Tallmadge v. Publishing Co. (Sup.) 14 N. Y. Supp. 331; Id., 131 N. Y. 565, 30 N. E. 66; Littlejohn v. Greeley, 13 Abb. Prac. 45; Huntington v. Conkey, 33 Barb. 221, citing Carter v. Jones, 6 Car. & P. 64; Opdyke v. Weed, 18 Abb. Prac. 223, note; Hecker v. Hopkins, 16 Abb. Prac. 301, note. Then, too, the question should have been determined upon the pleadings as they stood (Bank v. Judson, 122 N. Y. 284, 25 N. E. 367; Kobbe v. Price, 14 Hun, 55), and not upon admissions or oral withdrawals made in medias res for the purpose of suddenly shifting the affirmative, and thus securing the advantage of the last word to the jury. Such admissions usually result, as they did here, in leaving their full and exact scope in a state of uncertainty. The rights of the parties should be determined upon precise and well-formulated issues settled before they come to trial, and not upon a mere colloquy, from which the trial judge must, on the spur of the moment, glean as best he may the legal effect of what is said, and of what is perhaps adroitly left unsaid. The case of Mead v. Shea, 92 N. Y. 122, has no application, for the reason that the question here was disposed of at the opening of the case, upon the defendant's application. The plaintiff then

took his exception, and he was then deprived of the right to open the case, and to put in such evidence as he may have had. The question in Mead v. Shea was raised only towards the close of the evidence. It was raised there by the defendant's request, which was denied. The court held that when this request was made there was an issue undisposed of, upon which the plaintiff held the affirmative, and as to which he had the right to close. The ruling was therefore sustained. Even if the plaintiff here had been given the close, it would not have cured the error of denying him the opening, and the right then to put in testimony upon the question of damages. But the right to close was distinctly denied him at the commencement of the trial, and he was not bound to ask a reversal of the ruling at any other stage of the case.

There are other and serious questions presented by the record, but it will not be necessary to consider them, as, because of the fundamental error which we have pointed out, there must be a new trial.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

