(21 Misc. Rep. 516.)

### PERKINS et al. v. MERCHANTS' LITHOGRAPHING CO.

(City Court of New York, General Term. October 26, 1897.)

CONSOLIDATION OF ACTIONS.

    Under Code Civ. Proc. § 817, it is not always necessary that answers should be interposed before the court may properly direct a consolidation of two or more actions, if it appears from the motion papers that the issues or questions to be tried are such as to warrant consolidation.

Appeal from special term.

Action by George F. Perkins and others against Merchants' Lithographing Company. From an order consolidating two actions, plaintiffs appeal. Affirmed.

Argued before FITZSIMONS, CONLAN, and SCHUCHMAN, JJ.

C. D. Ridgway, for appellants.

G. Nathan, for respondent.

SCHUCHMAN, J. This is an appeal by the plaintiffs from an order consolidating two actions, on motion made by the defendants on affidavits, prior to the interposition of answers. Both actions are brought on cause of action on contract to recover the sums of $387.04 and $318.16, respectively; making a total of $705.20. The defendant states in its moving affidavit its defense to be a counterclaim for damages to the amount of $800 arising out of one of the causes of action above mentioned.

Section 817 of the Code of Civil Procedure is as follows:

"Where two or more actions, in favor of the same plaintiff against the same defendant, for causes of action which may be joined, are pending in the same court, the court may, in its discretion, by order, consolidate all or any of them, into one action."

All the requirements of this section are presented in, and satisfied by the facts in, this case. The object of consolidation is to prevent "needless litigation." The defendant's counterclaim, as set up, is going to the whole of the plaintiffs' demand; in fact, it exceeds it. By the consolidation, all matters in controversy between the parties litigant hereto can be disposed of in one action. Tuckerman v. Corbin, 66 How. Prac. 404; Wilkinson v. Johnson, 4 Hill, 46. It is true that in the case of Boyle v. Land Co., 33 N. Y. Supp. 836, the general term of the supreme court, First department, in its decision said:

"No doubt both of these actions, being upon contract, could be joined in one complaint; but this is not necessarily controlling upon the question whether they should or should not be consolidated. If the issues or the questions arising were different, or if, for any other reason, good and sufficient, it was not proper for the court to exercise its discretion in favor of granting the motion, it should have been denied. Whether the issues and questions will be identical cannot be determined definitely until the answers are interposed. For this reason we think it a better practice to wait before making a motion to consolidate until after the interposition of answers."

In that case the order to consolidate was reversed, but in that case other considerations, which are not involved in this case, undoubtedly influenced the decision of the court, in that section 1778 of the Code, and also a question of an accounting, arose therein. It is also true that it must appear on the question of consolidating that the defense or the question involved to be tried will be substantially the same in all of the suits. Dunning v. Bank, 19 Wend. 23; Dunn v. Mason, 7 Hill, 154. And some distinction is made in regard to the term "defense" and the term "question to be tried." But those cases were decided as early as 1837, and we think that under our present practice under the Code that distinction is obviated, and that when it appears, as in this case, that the causes of action are set forth in the complaints, and the defense is set up, to wit, the counterclaim for damages·

arising out of the cause of action set forth in the complaint, that the question to be tried or the issues to be raised are sufficiently and distinctly appearing to the practitioner and to the court. We think the motion can be made, and before the answers are interposed, and that the issues to be raised are sufficiently set forth by the defendant being stated in the affidavit on which the motion is based. By section 817, above mentioned, the order is discretionary with the court. We think that the justice who made the order properly exercised that discretion in this case, and the order appealed from is affirmed, with costs. All concur.