(22 Misc. Rep. 526.)

STAATS et al. v. HAUSLING.

(City Court of New York, General Term. February 7, 1898.)

1. SALES—EVIDENCE—RELEVANCY.

On an issue whether a sale of iron trusses for a sum in gross included a large amount of timbers attached thereto, where the seller testified that in making the sale he told the buyers that the trusses were "just old iron," and that they could have them "at just the same price of junk iron," it was error not to allow him to show what that value was.

2. OPINION EVIDENCE—COMPETENCY OF EXPERTS.

A witness was incompetent to testify to the value of white pine timbers, where the only facts showing that he had any knowledge of the market value thereof was his statement that he was familiar in a way with the value, and that he had sold timber.

3. TRIAL—ARGUMENTS OF COUNSEL—RIGHT TO OPEN AND CLOSE.

In an action for a balance of $360 for the price of a pier shed sold defendant for $460, it appeared that defendant sold back to plaintiffs iron trusses used on the shed for $100, and that plaintiffs took both the trusses and the timbers attached thereto. Defendant claimed the timbers were not included in the sale of the trusses, and set up a counterclaim therefor. The only fact at issue was whether plaintiffs had a right to take the timbers. *Held*, that defendant was entitled to make the closing argument to the jury.

4. SAME—TIME FOR ASSERTING RIGHT.

At the close of the case is the proper time for asking leave to make the closing argument.

Appeal from trial term.

Action by Robert P. Staats and another against Frederick M. Hausling. From a judgment entered on the verdict in favor of plaintiffs, and from an order denying his motion for new trial, defendant appeals. Reversed.

Argued before FITZSIMONS, McCARTHY, and O'DWYER, JJ.

Francis A. Dugro, for appellant.

Alfred E. Smith, for respondents.

O'DWYER, J. This action is on contract to recover the sum of $360, balance of purchase of shed on pier 43, North river. Plaintiffs entered into an agreement with defendant by which they sold to him the shed on pier 43, North river, for $460, he to take the same down and remove it. There is no dispute over this agreement. Subsequently another agreement was entered into between the plaintiffs and the defendant upon the subject-matter over which the contentions of

the parties herein were founded. The defendant asserted and maintained that the plaintiffs told him, after the agreement to purchase had been made, that they might be able to use the iron trusses used on the shed, and asked him how much he would sell them for; that he told them he would sell them to the plaintiffs at the price of old iron; and that he did sell the same to them for the sum of $100. Defendant also insisted that the yellow pine timber attached to said iron was not contemplated in said sale. Plaintiffs claimed that the defendant not only sold the iron trusses, but the yellow pine timber attached thereto, for said sum of $100. Plaintiffs took both iron and wood, against the protest of the defendant. The defendant then charged plaintiffs $290.70 for the yellow pine timbers, being at the rate of $17 per 1,000, in addition to the $100 for the iron trusses, and set up a counterclaim to the plaintiffs' claim upon the price of the shed for the value of the yellow pine timbers. On the trial, the defendant asserted that plaintiffs were entitled to recover from him the price of the shed, $460, less the value of the yellow pine timbers and the agreed price of the iron trusses, which would leave a balance in favor of the plaintiffs of $69.30.

The defendant having testified that, in making the agreement with the plaintiffs to resell to them the trusses, he told one of them, whom he contracted with, "that it is worth just old iron," and that they could have the trusses "at just the same price of junk iron," it was error to refuse to allow him to show what that value was, after he had qualified to give such evidence. The only issues between the parties in this case were whether the defendant had sold to the plaintiffs the iron and the yellow pine timbers for $100, and, if he had not sold the yellow pine timbers, the amount defendant was entitled to recover from plaintiffs as the value of such timbers. If the iron alone were intended, then the defendant was entitled to recover the reasonable value of the yellow pine timbers, as it was admitted by the plaintiffs that they took the timbers with the iron. The defendant should have been allowed to testify to the value of the iron, since the value as junk iron was expressed by defendant in the contract, and was indicative of his intention, and would have tended to show what was the intention of the plaintiffs as to what was to be included in the purchase. The jury might have inferred that the iron was not worth $100 without the timbers, and, from that, that the wood was intended to be included. The evidence related, therefore, to a fact in issue, and certainly to a fact relative to the issue, and was competent evidence of such fact, and to exclude it was error.

The evidence of the witness Alfred Richards, as to the value of the yellow pine timbers, was incompetent, for the reason that he was not qualified to give evidence of their value. The only facts by which it was attempted to show that the witness Richards had any knowledge of the market value of the timbers in question was his statement that he was familiar in a way with the value; that, since he worked for Mr. Staats, he has sold timber. This witness, without further qualification, was allowed, under the objection and exception of the defendant, to testify that, in his opinion, the yellow pine timber was not worth more than about $4 per 1,000 feet. This was less than the

plaintiffs admitted it was worth. John H. Staats, one of the plaintiffs, admitted and testified that, in his opinion, the timber was worth $5 per 1,000. At this rate defendant would have received $85 for the timber. Staats said, too, that he was very familiar with the market price, and had bought and sold timber. The jury gave plaintiffs a verdict for $290, exclusive of interest, which was $70 less than the plaintiffs' claim; and as the claim in the complaint was admitted by the answer and upon the trial, and as the answer contained no denial of it or set-off against it, except the value of the timber set up in the counterclaim, the conclusion that the jury allowed the $70 for the 17,- 100 feet of timber or 17,000 feet, as plaintiffs admitted it to be, is un- avoidable. The court, too, instructed the jury that it was for them to decide whether the witness was a competent judge of the value.

Defendant should have been allowed to make the closing address to the jury. Defendant's attorney made a motion, at the close of the case, to make the closing argument to the jury, which was denied. The whole of the plaintiffs' claim was admitted by the answer and upon the trial. The only legal effect of the answer is that it admits that the agreement and transaction between the parties was that defendant purchased the shed in question from the plaintiffs for the sum of $460, and that he was indebted to plaintiffs for that amount, less any set-off. The answer did not take any issue whatever upon those facts. The only fact it denied in the complaint is the right of the plaintiffs to take the timbers which the iron trussed up, and set this up by way of counterclaim. When plaintiffs came into court, they did not have anything to prove. If the plaintiffs had not offered any proof, and the defendant had not offered any proof, the court would have been compelled, upon motion of the plaintiffs, to give them judgment for $460, less $100, or $360, demanded in the complaint. The burden was upon the defendant, from the first instance, to prove that the plaintiffs had to allow him more than plaintiffs admitted was due for the trusses. So, the defendant necessarily had the affirmative legally from the commencement of the trial; and this did not in any way shift, for plaintiffs' proof all the way through the case was simply to negative the defendant's claim that they had taken the timber without right, and he was damaged thereby. The proofs offered by the respective parties during the trial showed this fact clearly; and, when the defendant's counsel asked to have the closing argument to the jury, his request should have been granted, and the exception taken to the court's refusal shows error, which affects a substantial right. Mead v. Shea, 92 N. Y. 122. The motion was made at the proper time. Id.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.