### HURD et al. v. WING.

(Supreme Court, Appellate Division, Fourth Department. December 4, 1900.)

1. EVIDENCE—BURDEN OF PROOF.

Plaintiff sold lumber to third persons, to be used in building a house. Thereafter the third persons conveyed the premises on which the house was being erected to defendant, and, as part of the consideration therefor, defendant executed a written agreement to assume all claims for material used in "the construction of the house and buildings thereon." Annexed to the agreement was an approximate statement of the claims assumed, stating the supposed amount. *Held*, in a suit against defendant under the agreement, that the burden was on plaintiff to show that the lumber was actually used in the construction of the buildings; the amount stated in the agreement being only approximate.

2. APPEAL—REVERSIBLE ERROR—BURDEN OF PROOF.

The improper determination as to which party must sustain the burden of proof constitutes reversible error, the question involving a substantial right.

Appeal from trial term, Erie county.

Action by Harvey J. Hurd and another against George Wing. From a judgment of the supreme court affirming a judgment for plaintiffs in the municipal court, defendant appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Charles F. Tabor, for appellant.
Myron H. Clark, for respondents.

ADAMS, P. J. This action was commenced in the municipal court of the city of Buffalo, where judgment was rendered in favor of the plaintiffs. An appeal was thereupon taken to the supreme court, where another trial was had, with the same result. It appears that the plaintiffs, who are lumber dealers, sold a quantity of lumber to one Edson B. Sawdy between December 9, 1895, and March 25, 1896. This lumber was delivered to Sawdy upon certain premises in the city of Buffalo, whereon he was erecting two houses, and the bill therefor amounted to the sum of $1,345.91. It is claimed and the evidence tends to prove that there was paid upon this amount, by either Sawdy or the defendant, $1,025, leaving a balance of $319.91 due upon the bill. Upon the 6th day of May, 1896, Sawdy and his wife conveyed the premises upon which the houses were being erected to the defendant; and as a part of the consideration for such conveyance the defendant executed and delivered to his grantors an agreement in writing, by the terms of which he covenanted and agreed "to assume and pay * * * all valid claims for labor and for all material used by first parties for the construction of houses and buildings thereon, and to save and protect first parties harmless from each and

all said claims and demands thereon due, and to grow due and owing." Annexed to this agreement was an approximate statement of the claims intended to be assumed by the defendant, in which the amount supposed to be due the plaintiffs was stated to be $375. The plaintiffs, in their complaint, after alleging the sale of the lumber to Sawdy, and setting forth the conveyance of the premises by Sawdy to the defendant, and the assumption by the latter of the payment of the plantiffs' account, in the manner hereinbefore mentioned, claimed that there was $320.91 due upon such account, for which amount they demanded judgment. The defendant, in his answer, admitted the execution of the agreement referred to in the complaint, and that by the terms thereof he became liable to pay the plaintiffs whatever sum was due them for lumber and materials sold Sawdy which had been actually used in the construction of the buildings located upon the premises conveyed by Sawdy to the defendant; but he averred that the amount already received by the plaintiffs was sufficient to fully or nearly pay them for all such lumber and material.

Upon the trial the plaintiffs made proof of the sale and delivery of the lumber, the price thereof, and then, without showing what portion thereof had been used on the construction of the houses, rested, whereupon the defendant moved for a nonsuit, which was denied, and to such denial the defendant duly excepted. Evidence was then given which tended to show that a considerable portion of the lumber and material sold by the plaintiffs to Sawdy, which were embraced within the bill for the balance of which this action is brought, was not used in the construction of the two houses in question, but was carried away and used in some other buildings which were in process of construction near West avenue, and that the lumber and material which actually went into the two buildings referred to in the agreement amounted in value to only $977.31, or $47.69 less than the amount paid to the plaintiffs. To meet this evidence the plaintiffs called a number of expert witnesses, who had made measurements and estimates, and who gave testimony tending to show that all the lumber sold by the plaintiffs to Sawdy was used in the buildings. Thus a clear-cut question of fact was presented to the jury, which, as has already been stated, was decided in favor of the plaintiffs; and with this disposition of the case we should have no inclination to interfere, were it not for the fact that it was manifestly tried upon an erroneous theory, and one which may have influenced the result reached by the jury. The learned trial court, in submitting the case, while stating, as was entirely proper, that the plaintiffs could recover of the defendant, upon his agreement with Sawdy, for only so much lumber and materials as was actually used by the former in the construction of his buildings, instructed the jury that the burden rested upon the defendant to show what portion thereof sold and delivered by the plaintiffs to Sawdy was thus used. To this instruction the defendant's counsel duly excepted, and this exception, as well as the one to the refusal to nonsuit, presents the error to which we have just adverted. The reason assigned by the learned trial justice for the rule asserted by him was that in the agreement

entered into between Sawdy and the defendant the amount due the plaintiffs was conceded to be $375, and that by executing this agreement the defendant had virtually determined the extent of his own liability. In this we think the learned trial justice fell into error, for upon the trial it was not contended by either party that the amount specified in the agreement as the possible balance due the plaintiffs was anything more than an approximation thereof. Indeed, the plaintiffs, in their complaint, admitted that a much less amount was due them, and their complaint was obviously framed upon the theory that the amount alleged to be due from the defendant was due because it represented lumber and material used in the Sawdy buildings; and, in this view, it is not at all material what the defendant and Sawdy supposed such balance to be, for by the terms of the agreement entered into between them the obligation of the former was limited to the payment of such sum only as might be found due the plaintiffs for lumber and material actually used in the construction of these two buildings, and when the plaintiffs seek to avail themselves of a contract to which they are not parties, but which it is claimed was made for their benefit, they should be held to a pretty rigid observance of the rules of pleading and evidence. The question as to which party must sustain the burden of proof is an important one, for it involves a substantial right; and its improper determination constitutes reversible error. Whitlatch v. Casualty Co., 149 N. Y. 45, 43 N. E. 405; Bank v. Judson, 122 N. Y. 278, 25 N. E. 367; Heinemann v. Heard, 62 N. Y. 448; Parrish v. Publishing Co., 6 App. Div. 587, 39 N. Y. Supp. 540. In this case we think it was improperly determined, and that for that reason a new trial should be ordered.

Order reversed and motion for new trial granted, with costs to the appellant to abide the event. All concur.