for a stay of proceedings supplementary to execution pending the determination of any action he may institute to have the judgment adjudged paid.

(34 Misc. Rep. 220.)

### LEVY v. METROPOLITAN ST. RY. CO.

(City Court of New York, General Term. February 28, 1901.)

1. ACTION FOR NEGLIGENCE—GENERAL DENIAL.
   Where, in an action for personal injuries, the answer contains a general denial, the defenses that whatever damages were sustained by plaintiff were due to his contributory negligence, and that such injuries were sustained because of the negligence of a third person, unknown to defendant, need not be specially pleaded.

2. DEMURRER—MOTION TO STRIKE OUT.
   Where an alleged defense contains no new matter, the remedy is by demurrer, and not by motion to strike out.

Appeal from special term.

Action by Jacob Levy against the Metropolitan Street-Railway Company. From a judgment sustaining a demurrer to its defense, defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN, J.

Henry A. Robinson, for appellant.
Jacob Friedman, for respondent.

CONLAN, J. The answer contained first a general denial, and then proceeded to allege two separate defenses, substantially as follows: First, that whatever damages were sustained by the plaintiff were due to his own negligence, and not the result of any negligence of the defendant; and, second, that such injuries were sustained by reason of the negligence of a third person, unknown to defendant. Under the general denial contained in the answer the defendant could have proven all that it expected to prove under the subsequent separate defenses, and clearly, therefore, their appearance in the answer was wholly unnecessary, if, indeed, not wholly unwarranted; but whether the plaintiff's remedy was by demurrer, or by motion to strike out, is the question before us. We think we are called upon to decide this question upon the authority of the very recent case of Durst v. Railroad Co. (Sup.) 67 N. Y. Supp. 297, wherein it is held that the remedy is by demurrer. While this is not a decision of the appellate division, the reasoning is so clear to our minds, and the authorities cited in the opinion so fully sustain the decision of Mr. Justice Gaynor, that while it remains unreversed it is controlling upon us. We are satisfied with the following conclusions reached in the Durst Case, viz.: "If an alleged defense contains no new matter, it is obviously insufficient, and therefore demurrable." And that is the case with this alleged defense.

The interlocutory judgment appealed from should be affirmed, with costs.

FITZSIMONS, C. J., concurs.