(52 Misc. Rep. 507)

HOLLANDER et al. v. FARBER.

(Supreme Court, Appellate Term. February 4, 1907.)

1. TRIAL—RIGHT TO OPEN AND CLOSE.
　　Where plaintiffs sued for work and materials, and defendant filed a general denial and a counterclaim for plaintiffs' alleged failure to redeliver certain goods, plaintiffs had the right to open and close.
　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 44, 47, 49, 58.]

2. EVIDENCE—BURDEN OF PROOF—COUNTERCLAIM.
　　Where an issue was joined upon defendant's counterclaim, the burden rested upon him throughout the trial to prove it.
　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 120.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Adolph Hollander and another against Morris Farber. From an order setting aside a verdict for defendant, he appeals. Affirmed.

Argued before GILDERSLEEVE, BLANCHARD and DAYTON, JJ.

Boudin & Liebman, for appellant.
Steckler & Levi, for respondents.

BLANCHARD, J. This is an appeal from an order of the learned trial justice setting aside the verdict of the jury in favor of the defendant on a counterclaim. The grounds on which the order rested were

that the court had erred in granting the defendant's claim to the right to open and close, and in charging the jury that the burden of proof on the question of redelivery of the goods by the plaintiffs was on the plaintiffs, and in refusing the plaintiffs' request to charge that the burden of proof on that issue was on the defendant, and that, in case the minds of the jury were evenly balanced on that question, the plaintiffs were entitled to a verdict. The plaintiffs brought action for work, labor, and services and materials furnished, and demanded a jury trial. The defendant answered with a general denial, and counterclaim for the alleged failure of the plaintiffs to redeliver certain goods, and asked judgment for an amount exceeding the amount asked by the plaintiffs.

The right to open and close is determined by the pleadings at the time of the trial, and cannot be altered by admissions made during the course of the trial. L. O. N. Bank v. Judson, 122 N. Y. 278, 25 N. E. 367; Parrish v. Sun Printing & Publishing Association, 5 App. Div. 585, 39 N. Y. Supp. 540; Kobbe v. Price, 14 Hun, 55. Consequently, since the defendant denied the cause of action alleged by the plaintiffs, the plaintiffs had the right to open and close. The allegation that the plaintiffs had not redelivered the goods to the defendant was made by the defendant. Although the defendant might introduce such evidence of nondelivery as to place upon the plaintiffs the burden of meeting such evidence with contrary proofs, the burden of proof, one settled by the pleadings, is not raised from the defendant. Heinemann v. Heard, 62 N. Y. 448; Farmers' Loan & Trust Co. v. Siefke, 144 N. Y. 354, 39 N. E. 358; Spencer v. C. M. L. Ins. Association, 142 N. Y. 505, 37 N. E. 617. The jury was the proper judge, in the present case, as to whether the evidence offered by the defendant put upon the plaintiffs the burden of answering it; and the learned trial judge erred in assuming to determine this point by charging positively, as a matter of law, that the burden of proof was upon the plaintiffs. This charge, under the circumstances of the present case, constituted reversible error.

The learned trial judge properly set aside the verdict, on the ground of the several errors already mentioned, and accordingly his order must be affirmed.

Order affirmed, with costs. All concur.