LEONARD W. H. GIBBS, Respondent, v. RUDOLPH A. SOKOL, Appellant.

JESSIE M. GIBBS, Respondent, v. RUDOLPH A. SOKOL, Appellant.

RUDOLPH A. SOKOL, Appellant, v. LEONARD W. H. GIBBS, Respondent.

ROBERT SOKOL, an Infant, by His Guardian ad Litem, RUDOLPH A. SOKOL, Appellant, v. LEONARD W. H. GIBBS, Respondent.

Fourth Department, March 10, 1926.

Action — consolidation of negligence actions arising out of same collision — motion to consolidate actions by each owner against other and actions by guest in each automobile against owner of other automobile — motions made before two of actions were at issue not premature — Civil Practice Act, § 96, applied — plaintiffs in two actions who opposed consolidation will be considered plaintiffs in consolidated action — two actions were brought in Schenectady county and two in Erie county — accident occurred near Schenectady county, calendar there is not crowded, and one plaintiff is infant residing in said county — place of trial fixed in Schenectady county without prejudice to motion to change — right of infant to preference under Civil Practice Act, § 138, is reserved.

A motion to consolidate two actions arising out of a collision between two automobiles which were brought by each owner against the other and two actions brought by a guest in each automobile against the owner of the other automobile is not premature, on the ground that two of the actions were not at issue when the motion was made, for with the information before the court contained in the pleadings in two of the actions, the court is in a position to know that the four actions may be tried as one action, since they involve precisely the same facts although technically the fundamental questions in the two guest actions are not the same, and, under the liberalized practice provided in section 96 of the Civil Practice Act, it is no longer absolutely essential that there be identity of parties in the actions consolidated.

However, since the plaintiffs in two of the actions opposed the consolidation, and since the court must respect all substantial rights of the parties, the plaintiffs who opposed the consolidation will be considered as plaintiffs in the consolidated action so that they may have the substantial right of opening and closing, which right the plaintiffs who made the motion have waived by the act of moving to consolidate.

In fixing the place of trial in the consolidated action, it appearing that two of the actions were brought in Schenectady county and two in Erie county, the court will take into consideration the place of the accident, the condition of the calendar in the two counties and the fact that the plaintiff in one of the actions is an infant, and, taking those facts into consideration, the place of trial is fixed in Schenectady county near which the accident happened, in view of the fact that the calendar in that county is not crowded and that one of the plaintiffs is an infant residing in said county, but this is done without prejudice to the right of the parties residing in Erie county to move for a change of trial on statutory grounds.

Since the infant had the right under section 138 of the Civil Practice Act to a preference in the trial of his action, that right will be preserved by granting a preference under subdivision 20 of said section on the ground that the consolidated action includes a case which, as originally brought, was entitled to a preference under subdivision 7 of said section.

APPEAL in the first two above-entitled actions by the defendant, Rudolph A. Sokol, and in the third above-entitled action by the plaintiff, Rudolph A. Sokol, and in the fourth above-entitled action by the plaintiff, Robert Sokol, an infant, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 23d day of November, 1925, consolidating the four actions.

*Frank Gibbons* and *George W. Greene,* for the appellant Rudolph A. Sokol.

*H. A. Gordon,* for the appellants Robert Sokol, infant, and another.

*Frank M. Loomis* [*Fritz Fernow* of counsel], for the respondents.

SEARS, J.   Four actions have been brought to recover damages for injuries to person and property suffered in a collision between two automobiles which occurred on a highway in the county of Albany on the 12th day of September, 1925.   The cars were driven by Leonard W. H. Gibbs and Rudolph A. Sokol respectively. Jessie M. Gibbs, the wife of Leonard W. H. Gibbs, was a passenger in the car driven by her husband, and Robert Sokol, the infant son of Rudolph A. Sokol, was a passenger in the car driven by his father.   Leonard W. H. Gibbs has brought an action against Rudolph A. Sokol to recover for damage to property.   Jessie M. Gibbs has brought an action for personal injuries.   The complaints in these two actions were served concurrently with the motion

papers upon which the order of consolidation was granted.    These complaints are not a part of the motion papers, and are not printed in the record, but it sufficiently appears that both the Gibbs actions are founded upon the negligence of Rudolph A. Sokol, and that the care exercised by Leonard W. H. Gibbs is directly involved in his action 'against Rudolph A. Sokol, and the conduct of Leonard W. H. Gibbs will without question be the subject of inquiry in Jessie M. Gibbs's action.    The venue in both of these actions is laid in Erie county.    Rudolph A. Sokol has brought an action against Leonard W. H. Gibbs to recover damages for personal injury, for the loss of the services of the son, and for injury to his automobile.    Robert Sokol, by his father as guardian *ad litem*, has brought an action to recover damages for his own personal injuries.    Both of these actions are founded upon the negligence of Leonard W. H. Gibbs, and the care of Rudolph A. Sokol is also directly involved in his action, and his conduct will necessarily be the subject of proof in his son's action.    The place of trial of both Sokol actions is in Schenectady county.

Common questions of fact will, therefore, be directly or indirectly involved in all of these actions, even though the fundamental questions in the actions brought by Mrs. Gibbs and by Robert Sokol are theoretically different.    Section 96 of the Civil Practice Act liberalized the practice in relation to consolidation of actions and the older cases requiring identity of parties are no longer conclusive precedents.    (*Goldey* v. *Bierman*, 201 App. Div. 527; *Chemello* v. *Endlich*, 236 N. Y. 653.)    We agree with the Special Term that these four actions may and should be tried together, and, therefore, consolidated unless consolidation runs counter to some express provision of the law.

The motion is claimed to be premature because the Gibbs actions are not at issue.    As a general rule it is, of course, better that the issues be distinctly defined by the pleadings before consolidation is sought.    (*Boyle* v. *Staten Island Land Co.*, 87 Hun, 233; *Perkins* v. *Merchants' Lithographing Co.*, 21 Misc. 516.)    In some cases it is only then that the court may see whether the matters in dispute are such that a consolidation may safely and profitably be ordered. It is not, however, an invariable rule.    Where the court can plainly see what the issues are to be, the reason for waiting for the pleadings disappears and the order may be granted before the issues are fully framed.    This is such a case.    The motion was not premature.

The plaintiff in every litigation has the affirmative upon all issues of fact raised by denials in the answer.    This includes the right to open and close, and is a substantial right.    (*Lake Ontario Nat. Bank* v. *Judson*, 122 N. Y. 278; *Millerd* v. *Thorn*, 56 id. 402;

*Parrish* v. *Sun Publishing Assn.*, 6 App. Div. 585.)   We are enjoined by the statute to respect all substantial rights.   The moving parties by the very act of making the motion waive this right, but the Sokols oppose consolidation.   Their right in this respect may be preserved by providing that Rudolph and Robert Sokol shall be deemed plaintiffs and Leonard W. H. Gibbs and Jessie M. Gibbs defendants in the consolidated action.   The order in cases like the present one should provide which parties are to be deemed plaintiffs and which defendants so that the right to open and close may not be left in doubt.

Where the actions sought to be consolidated are brought in different counties, the order of consolidation necessarily results in a change of the place of trial of at least one of the actions.   Here the place of trial of two will be changed.   The order of consolidation must fix the place of trial of the consolidated action.   Such determination, if the actions are transitory in character, rests in the discretion of the court.   In the absence of conditions requiring a decision on the basis of convenience of witnesses, such circumstances as the priority of the respective actions, the place of origin of the alleged causes of action, the condition of calendars, and the character of the parties may well be considered.   The circumstances in this case that one party living in Schenectady is an infant, that the Schenectady calendar is not crowded, and that the place of origin of the alleged causes of action is near Schenectady county are such as to warrant the exercise of discretion in favor of fixing the venue in Schenectady county, without prejudice, however, to any motion which may hereafter be made to change the place of trial under the pertinent provisions of the Civil Practice Act.

Objection is also offered by the infant Robert Sokol that the consolidation order deprives him of a substantial right to a preference as after consolidation he will no longer be a sole plaintiff or sole defendant, and consequently will no longer be entitled to a preference under section 138 of the Civil Practice Act.   In the present case the infant Sokol's right to a preference will be substantially preserved by allowing a preference by order of the court under subdivision 20 of section 138 of the Civil Practice Act for the reason that the consolidated action includes a case which as originally brought was entitled to a preference under subdivision 7 of that section.

The order appealed from should be modified by striking out of the order all thereof after the first two paragraphs beginning with the word " ordered " and inserting in place thereof, " ordered further that in said consolidated action Rudolph A. Sokol and Robert Sokol, an infant, by his guardian *ad litem* Rudolph A.

Sokol shall be deemed plaintiffs, and Leonard W. H. Gibbs and Jessie M. Gibbs defendants, and

" Ordered further that the place of trial of the consolidated action shall be Schenectady county, without prejudice, however, to a motion to change the place of trial, and

" Ordered further that the consolidated action shall have a preference for trial under subdivision 20 of section 138 of the Civil Practice Act," and as modified affirmed, without costs.

HUBBS, P. J., CLARK, DAVIS and CROUCH, JJ., concur.

Order modified in accordance with the opinion and as modified affirmed, without costs of this appeal to either party.