SULLIVAN COUNTY BUILDING MATERIAL CO. INC., Plaintiff, v. FRIEDA E. BERKMAN, Defendant. (Action No. 1.) FRIEDA E. BERKMAN, Appellant, v. SULLIVAN COUNTY BUILDING MATERIAL CO. INC. et al., Respondents. (Action No. 2.) RAFAEL DELGADO, Appellant, v. FRIEDA BERKMAN et al., Respondents. (Action No. 3.)— Plaintiffs in Actions No. 2 and No. 3 appeal from an order of Sullivan County Special Term of the Supreme Court, consolidating the three above actions pending respectively, in the Supreme Court of Sullivan County, Queens County and New York County, placing the venue of the consolidated action in Sullivan County, and denying cross motion of plaintiff in Action No. 2 to have the case tried, if consolidated, in Queens County instead of Sullivan County. The several actions arise out of a collision of two automobiles in Sullivan County. Action No. 1 is for property damage. Actions No. 2 and No. 3 are for personal injuries. Action No. 1 was first commenced by the service of a summons only. Action No. 2 was thereafter commenced by the service of a summons and complaint on one of the defendants, Sullivan County Building Material Co. Inc., plaintiff in Action No. 1. The record does not clearly disclose when issue was joined in the several actions but, obviously, common questions of fact are involved in all three. Under such circumstances, the fact that issue may not have been joined in all actions is not fatal to the motion for consolidation. (*Watkins Body Corp.* v. *Arditi Ltd.,* 279 App. Div. 619.) The order consolidating the actions in Sullivan County constituted a proper exercise of the court's discretion. Action No. 1 was instituted earlier than either of the other actions, but by service of the summons alone. Action No. 2 was commenced by the service of the summons and verified complaint before the service of the complaint in the earlier action. Sullivan County Building Material Co. Inc., plaintiff in Action No. 1, moved for the consolidation of the several actions. " No arbitrary or inflexible rule has been devised by which it can be determined to a certainty which party in a consolidated action should be permitted to open and close. * * * It was suggested in *Gibbs* v. *Sokol* (216 App. Div. 260) that by making the motion for consolidation the movant waives such right. The force of such a rule has been somewhat weakened by later decisions. (*Brink's Express Co.* v. *Burns,* 230 App. Div. 559; *Lee* v. *Schmeltzer,* 229 id. 206.) While the present trend of the courts is to give heed to the rights of the party who first brings his action, that rule is, by no means, a controlling factor to be followed in all cases." (*Van Devort* v. *K. & H. Evaporating Co.,* 252 App. Div. 8, 9.) In the interests of justice the order appealed from is modified, on the law and facts, to provide that plaintiff Berkman (Action No. 2) shall proceed as plaintiff in the consolidated action, with the right to open and close, and plaintiff, Sullivan County Building Material Co. Inc. (Action No. 1), shall proceed as defendant and, as so modified, affirmed without costs. Foster, P. J., Bergan, Coon, and Imrie, JJ., concur.