ALBERT S. EMBLER, Appellant, v. HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY and TICONDEROGA PULP AND PAPER COMPANY, Respondents.

1. STEAM BOILER INSURANCE — POLICY COVERING LOSS OF LIFE — INDEMNITY TO LEGAL REPRESENTATIVES FOR DEATH OF EMPLOYEE OF ASSURED.  A policy issued prior to the Insurance Law of 1892 (Ch. 690), insuring a manufacturing company against loss to property from an explosion or rupture of steam boilers, "also against loss of human life or injury to person, whether to the assured, to employees, or to any other person or persons, caused by such explosion or rupture, payable to the assured for the benefit of the injured person or persons, or their legal representatives in case of death, and not contingent upon the legal liability of the assured," is to be deemed as having been intended at most as a pecuniary indemnity to the legal representatives of an employee, for the loss sustained by them in consequence of his death.

2. BUT ONE RECOVERY PERMITTED TO LEGAL REPRESENTATIVES OF EMPLOYEE.  In the case of the death of an employee of the assured, under such policy, but one recovery is permitted to his legal representatives, whether the death was caused through negligence or unavoidable accident.

3. RIGHT OF ACTION OF REPRESENTATIVES OF EMPLOYEE, UNDER POLICY, EXHAUSTED BY SATISFACTION OF CLAIM AGAINST ASSURED FOR NEGLIGENCE.  Where a claim, based upon negligence, has been presented by the legal representatives of a deceased employee against the assured, and has been recognized and paid, no further right of action in their favor can exist under the policy.

*Embler* v. *Hartford S. B. Ins. Co.*, 8 App. Div. 186, affirmed.

(Argued March 3, 1899; decided March 21, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 10, 1896, upon an order affirming a judgment in favor of defendants entered upon a decision of the court dismissing the complaint upon the merits on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*E. W. Douglas, J. Newton Fiero* and *Francis A. Smith* for appellant.  The plaintiff is entitled to have the language of this policy construed most favorably toward her. (*Griffey* v. *N. Y. C. Ins. Co.*, 100 N. Y. 421; *Dwight* v. *G. L. Ins.*

*Co.*, 103 N. Y. 348; *Winne* v. *N. F. Ins. Co.*, 91 N. Y. 185; *Herrman* v. *M. Ins. Co.*, 81 N. Y. 188.) The promise of the Hartford Company was made absolutely for the benefit of Provencha, or his legal representatives, in case of death, and not to indemnify the pulp company for any loss it might sustain from such death. Such an intent is apparent from its terms. (*Riordan* v. *F. P. Church*, 6 Misc. Rep. 84; *Beveridge* v. *N. Y. E. R. Co.*, 112·N. Y. 26; *Simson* v. *Brown*, 68 N. Y. 355; *Wainwright* v. *Q. C. W. Co.*, 78 Hun, 149; *Turk* v.·*Ridge*, 41 N. Y. 206; *Butler* v. *S. M. L. A. Co*, 55 Hun, 301; *Dearborn* v. *H. R. Co.*, 7 Misc. Rep. 513.) The contract of the defendant is not restricted to the payment of such sum as the Ticonderoga Company should be obliged to pay, but insured the employee, irrespective of the obligation to the Ticonderoga Company. (*Dalby* v. *I. & L. L. A. Co.*, L. R. [5 Ch. Div.] 363; *Glen* v. *H. M. L. Ins. Co.*, 56 N. Y. 379; *Winne* v. *N. F. Ins. Co.*, 91 N. Y. 185.) The plaintiff has the right to recover against the defendant because the Ticonderoga Company had an insurable interest in the life of Provencha which was actually insured. (*Miller* v. *E. Ins. Co.*, 2 E. D. Smith, 268; *Hebdon* v. *West*, 3 B. & S. 578; Addison on Cont. [9th ed.] 1085, 1092; *Rohrbach* v. *G. F. Ins. Co.*, 62 N. Y. 47.) The policy in question is in no sense a wager policy; it was taken out for the benefit of the decedent and of his legal representatives, and the Ticonderoga Company had not and has not now any possible interest in the policy so far as it insures against loss of life, since it is payable to the assured for the benefit of the persons injured. (*A. L. Ins. Co.* v. *France*, 94 U. S. 562; *C. M. L. Ins. Co.* v. *Luch*, 108 U. S. 498; *Olmsted* v. *Keyes*, 85 N. Y. 593; *Rohrbach* v. *G. F. Ins. Co.*, 62 N. Y. 47; *Cyrenius* v. *M. L. Ins. Co.*, 73 Hun, 365.) Defendant is liable to plaintiff upon the ground that it promised, for a valuable consideration from the Ticonderoga Company, that it would insure the life of Provencha. (*Lawrence* v. *Fox*, 20 N. Y. 268; *Dutton* v. *Poole*, 2 Lev. 210; *Schemerhorn* v. *Vanderheyden*, 1 Johns. 139; *Hutchings* v. *Miner*, 46 N. Y. 456; *Glen* v. *H. M. L. Ins. Co.*, 56

N. Y. 379; *Roberts* v. *Ely*, 113 N. Y. 128; *Gifford* v. *Corrigan*, 117 N. Y. 262; *Durnherr* v. *Rau*, 135 N. Y. 219; *French* v. *Vix*, 143 N. Y. 90; *Wager* v. *Link*, 134 N. Y. 127.) Whatever view might be taken with regard to the rule of common law applicable to policies of this character, the insurance upon the life of Provencha, taken out by the Ticonderoga Company, is valid under the provision of section 55, chapter 690, Laws of 1892. (*Central Bank* v. *E. S. D. Co.*, 26 Barb. 26; *Washburne* v. *Franklin*, 35 Barb. 600; *Curtis* v. *Leavitt*, 15 N. Y. 152.)

*Lewis E. Griffith* for respondents. The policy or contract of insurance upon which the action is brought is one of indemnity solely. (*French* v. *Vix*, 143 N. Y. 90; *Debevoise* v. *N. Y., L. E. & W. R. R. Co.*, 98 N. Y. 377; *Littlewood* v. *Mayor, etc.*, 89 N. Y. 24.) Within the rule of law recognized and established in this state, the pulp company had no insurable interest in the life of Provencha, as his death would not result in a pecuniary loss to the insured. The whole principle of insurance under the laws of this state is solely for the security or indemnity of the party insured. (1 R. S. (Birdseye ed.) 270, §§ 4, 5, 6; *Howard* v. *A. Ins. Co.*, 3 Den. 303; *Ruse* v. *M. B. L. Ins. Co.*, 23 N. Y. 516; *Morrill* v. *Ins. Co.*, 10 Cush. 282; *Ins. Co.* v. *Johnson*, 4 Zab. 576; *Bevin* v. *Ins. Co.*, 23 Conn. 244; *C. Ins. Co.* v. *Luchs*, 108 U. S. 498.) There is lacking in this case the essential relation of debtor and creditor between the defendant pulp paper company and Provencha, or such relation as makes the performance of the covenants of the policy at the instance of Provencha a satisfaction of some legal or equitable duty, owing by the pulp company to Provencha, which must exist according to law, in order to entitle a stranger to the covenant to enforce it. (*Vrooman* v. *Turner*, 69 N. Y. 283; *Durnherr* v. *Rau*, 135 N. Y. 219; *Garnsey* v. *Rogers*, 47 N. Y. 240; *French* v. *Vix*, 143 N. Y. 90.)

GRAY, J. The policy of insurance, which was the subject of this action, was issued to the Ticonderoga Pulp & Paper

Company in October, 1891, and it indemnified and insured, among other things, against loss or damage to property of every kind resulting from an explosion or rupture of steam boilers; " also against loss of human life or injury to person, whether to the assured, to employees, or to any other person or persons, caused by such explosion or rupture, payable to the assured for the benefit of the injured person or persons, or their legal representatives in case of death, and not contingent upon the legal liability of the assured." The sum of insurance stated in the policy was $50,000, and the amount of any recovery under the clause quoted was limited to the sum of $5,000. In December, 1892, Provencha, who was employed by the pulp company in the capacity of fireman, was injured as the result of an explosion of one of the boilers and, subsequently, died from his injuries. His widow, as his administratrix, brought an action against the pulp company, to recover damages by reason of its alleged negligence in causing the death of her intestate, and, prior to the trial of the issues therein raised, the case was settled by the payment of the sum of $1,500. Subsequently, Provencha's administratrix assigned to the plaintiff in this action all her rights and interests in and to the policy of insurance in question; whereupon this action was brought, in which the plaintiff seeks to enforce the contract of insurance to the extent of the $5,000, provided for in the clause above mentioned.

It is contended on the part of the plaintiff in the action that this policy provides for two kinds of insurance ; one of indemnity to the pulp company, against loss or damage to property, and one against loss of human life, or injury to persons, and that the promise of the insurer in the latter respect, under the special clause which I have mentioned, was made absolutely for the benefit of Provencha, or his legal representatives in case of death, and not merely to indemnify the pulp company for any loss which it might sustain from, or by reason of, such death. It is argued that the manifest intent of the contract was to compensate, to a limited extent, those sustaining a loss from death, regardless of any relations existing between

the assured and the person killed and regardless of any interest which the assured might have in the person killed.

The policy of insurance was issued prior to the passage of the act of 1892 (Chap. 690, sec. 55), which expressly authorizes an employer to take out accident insurance covering his employees collectively, for the benefit of such as may be injured, and, therefore, is not affected by that law. The action must stand or fall upon the determination of the question whether the contract of insurance gave any rights to Provencha, or to his legal representatives, to enforce it against the insurer for his, or their, benefit. Certainly, Provencha was not a party to the contract of insurance and it does not appear from the record, even, that he was an employee of the pulp company at the time the contract was made. The stipulated fact is, and it is all the evidence that we have on the subject, that Provencha, on and prior to the day when the accident occurred, was in the employment of the company. In the face of such a stipulation it is to be inferred, if not presumed, that Provencha was not an employee when the policy was issued. But, perhaps, that fact alone may not have a decisive bearing upon the question, if the theory of the plaintiff be tenable, that the promise of the insurer was made for the benefit of those who, being employees, might sustain injury. The difficulty in the way of maintaining the action upon any such theory is radical, in that Provencha was neither privy to the contract, nor to its consideration. It is not necessary to define precisely what was intended between the parties by the insertion of the clause in question. It may be that it was intended purely as an indemnity to the assured against pecuniary loss resulting to it from an injury occurring to an employee; whether that pecuniary loss were established as a legal liability of the assured, or whether it were a voluntary payment made to compensate the injured person on the part of the company. Assuming that it intended an insurance of the employees through their employer, the case is not helped very much; because no right of action was given to the employee, nor could any cause of action exist at common law. It is, of

course, competent for the legislature to alter the rules of the common law and to create a cause of action where none existed previously and that is what was attempted to be done by the legislature in the legislation of 1892, to which I have referred. But under the rules of the common law, giving a right of action upon the engagement or promise of a party, the cause of action is vested in the person with whom, or to whom, the engagement, or the promise, is made. An exception is allowed in the case of a third party, for whose benefit a contract is made; when he may be allowed to bring an action in his own name. In such a case, however, it must appear that, when the contract was made, some obligation, or duty, was owing from the promisee in the contract to the party to be benefited. It is not sufficient that the performance of the contract may benefit a third person. It must have been entered into for his benefit and the promisee must have a legal interest that it be performed in favor of the third person. (*Vrooman* v. *Turner*, 69 N. Y. 280; *Durnherr* v. *Rau*, 135 N. Y. 219.) It was said by Judge RAPALLO in *Garnsey* v. *Rogers*, (47 N. Y. 233), when speaking of the doctrine of *Lawrence* v. *Fox*, (20 N. Y. 268), that he did not understand that that case went so far as to hold that every promise made by one person to another, from the performance of which a third person would derive a benefit, gives a right of action to such third party; he being privy neither to the contract nor to the consideration. Now what was there in the relation which Provencha sustained to the pulp company, which gave him a legal claim to the benefit of the promise of the insurer in this policy? If he had no legal claim, he could have no equitable claim; because a court of equity will not enforce a demand which is in contravention of rules of law. We do not know that he was an employee of the pulp company, at the time this contract of insurance was made. The only parties to the contract are the pulp company and the insurance company. It cannot be supposed that there was an intention on the part of the pulp company to secure some benefit to Provencha; for he was not in its

employment and he could in no respect be deemed in privity with the pulp company with respect to the contract.   There was no relation of debtor and creditor ; nor any obligation or duty owing from the pulp company to Provencha, affecting or concerning this contract.   The only obligation or duty, as between them, consisted in such as grew out of the relation of employer and employee; for any breach of which the law gave a right of action and which was, in fact, availed of by Provencha's administratrix.

Nor can it be said that the pulp company had any legal interest that the promise of the insurer should be performed in favor of Provencha ; for, assuming that a legal interest could have arisen upon the happening of the injury, it certainly ceased upon the satisfaction by the pulp company of the claim made in the action brought by his administratrix.

I think it is impossible for us to hold, under the circumstances, that there was such a relation between Provencha and the pulp company, or any such privity on his part to this contract of insurance, as conferred upon him, or his legal representatives, a right of action upon the policy of insurance and, for that reason, the judgment appealed from should be affirmed, with costs.

PARKER, Ch. J., HAIGHT, MARTIN and VANN, JJ., concur for affirmance upon the ground that the insurance policy in question was at most intended as a pecuniary indemnity to the legal representatives of the deceased employee for the loss sustained by them in consequence of his death, and that but one recovery is permitted, whether the death was caused through negligence or unavoidable accident.

A claim having been presented by the legal representatives against the assured, based upon negligence, and that claim having been recognized and paid, no further right of action could exist under the policy.

GRAY, J., reads for affirmance ; all concur (PARKER, Ch. J., HAIGHT, MARTIN and VANN, JJ., in result on memorandum filed).

Judgment and order affirmed, with costs.