(35 Misc. Rep. 261.)

### TRAVER v. SNYDER et al.

(Supreme Court, Appellate Term. June, 1901.)

CONTRACT FOR BENEFIT OF THIRD PERSON—RIGHT OF ACTION.

     Where a purchaser of property sold at receiver's sale enters into a written agreement, under seal, with the receiver, to pay the expenses of the final accounting of the latter, which is made a condition in the deed to the property, the receiver's attorney may maintain an action against the purchaser for an allowance afterwards made to him for his services in such final proceedings, though he had not been retained by the receiver when the contract was made.

Appeal from city court of New York, general term.

Action by Byron Traver against Valentine P. Snyder and others. From a judgment of the general term of the city court (69 N. Y. Supp. 750) affirming a judgment for plaintiff entered on direction of the court, defendants appeal. Affirmed.

Argued before SCOTT, P. J., and BEACH and FITZGERALD, JJ.

Charles M. Whitney (James L. Bishop, of counsel), for appellants. Byron Traver, in pro. per.

PER CURIAM. In the year 1896, Francis Higgins and two others were appointed temporary receivers in a proceeding for the voluntary dissolution of a corporation known as the Archer & Pancoast Company. Early in the following year an action was com-

menced for the foreclosure of a mortgage or trust deed covering the corporate franchises, premises, and property of said corporation, and in this action the same receivers were appointed, with the usual powers of receivers in foreclosure actions. A judgment of foreclosure and sale was duly entered, and after the requisite advertisement the property was put up for sale, and sold to one Charles M. Whitney for the sum of $35,000. This sum was insufficient to pay all the expenses of the receivership and the foreclosure suit, and on March 8, 1899, an agreement was entered into between said Whitney and the receivers. This agreement recited the purchase by Whitney; the fact of the two receiverships, and the further fact that the receivers had not yet accounted and been discharged; that for certain reasons it was deemed important that the purchaser be put into prompt possession of the property, and the several receiverships be terminated as speedily as possible; that the property did not realize at said sale sufficient money to pay and discharge in full the expenses of operating the same under said receiverships. Whitney on his part then agreed, among other things, that he would "assume and pay the costs and expenses of the reference provided for in said judgment of foreclosure, and the expenses of the accounting and discharge proceedings in said two receiverships of the said parties of the second part, as and when the same may be ascertained." The receivers, upon their part, agreed, among other things, that they would "do all and every thing and things which may be necessary to wind up said receiverships." On March 23, 1899, the receivers, the sheriff, and the Archer & Pancoast Company each executed an appropriate conveyance to the defendants herein (to whom Whitney had assigned his bid), so that all the property and assets of said company became vested in said defendants. Each of said conveyances contained the following clause:

"Provided, always, and these presents are made, executed, and delivered upon the express condition, that in the event that said purchase price of thirty-five thousand dollars ($35,000) is insufficient to pay and discharge in full * * * the expenses of the accounting and discharge proceedings in said two receiverships, * * * according to the terms and provisions of the said agreement of March 8, 1899, then, and in that case, the said parties of the second part, their administrators or assigns, will fully pay the same."

These several conveyances, although dated March 23, 1899, were not recorded until March 10 and 12, 1900. In the meantime the receivers, as they had agreed to do, took steps to account and have themselves discharged, and retained and employed the plaintiff as their attorney in such proceedings. Their accounts were passed, and they were discharged as receivers in the voluntary dissolution proceeding by a final order entered on October 9, 1900, and in the foreclosure proceeding by a final order entered on November 9, 1900. By the former order the sum of $2,000 was allowed to plaintiff as compensation for his services rendered to the receivers in preparing their accounts, and upon their accounting in the two receiverships, no allowance being made to him in the final order in the foreclosure action. It is for this sum that plaintiff now sues. He rests his claim upon the well-established rule laid down in Lawrence v. Fox, 20 N. Y. 268, that an action lies on a promise made

by defendant upon valid consideration to a third person for the benefit of plaintiff, although the plaintiff was not privy to the consideration. The defendants strenuously contend that the plaintiff cannot recover upon the promise made by the defendants to the receivers to pay the expenses of the accounting, because, as they say, the promise was not made for his benefit, inasmuch as that there was not at the time the promise was made any existing obligation in his favor from the receivers, or any certainty that such an obligation would ever arise, or, if it did arise, what precise sum would ever become due to him from the receivers. It is undoubtedly true that it is not every promise made by one person to another, from the performance of which a third party might derive a benefit, that will give a right of action to such third party. Garnsey v. Rogers, 47 N. Y. 235, 7 Am. Rep. 440. The promise must have been entered into for the benefit of such third party, or such benefit must be the direct and natural result of performance, and so within the contemplation of the parties, and the promisee must have a legal interest that the covenant be performed in favor of the party claiming performance, or there must be some obligation or duty owing from the promisee to the party to be benefited which would give him a legal or equitable claim to the benefit of the promise or an equivalent from the promisee personally. Vrooman v. Turner, 69 N. Y. 280, 25 Am. Rep. 195; Durnherr v. Rau, 135 N. Y. 219, 32 N. E. 49. If, at the time the defendants adopted Whitney's promise to the receivers and reiterated it, the plaintiff had already been retained by the receivers to wind up their receiverships and had rendered services in that behalf, he would have been entitled to maintain an action directly against the defendants, under the most stringent limitations which have been applied to the rule in Lawrence v. Fox. His compensation would have been a necessary part of the expenses of the accounting and discharge proceedings, and thus within the letter of the contract. The promise would have been made for his benefit, because such benefit would have been the natural and direct result of the performance of the contract, and the promisees, the receivers, would have had a legal interest that the promise be performed, because the rendition of service to them in the proceedings would have created an obligation from them to the plaintiff giving him a claim either to the benefit of the promise or to an equivalent from the receivers themselves. Does the sole fact that the plaintiff had not yet been retained when the promise was made prevent his availing himself of the rule on which he relies? We think not. It was a part of the agreement between Whitney and the receivers that they should do all and every thing and things which might be necessary to wind up the receiverships, and it was recited that it was deemed to be important that the receiverships should be terminated as speedily as possible. They could only be terminated by an accounting and by procuring from the court orders passing the accounts and discharging the receivers. To effect this, it was necessary that some attorney should be employed. The fees of such an attorney would necessarily be incurred as a part of the expenses

of the proceedings for winding up the receiverships. Hence when Whitney first, and the defendants afterwards, agreed to pay the expenses of the accounting and discharge proceedings in the two receiverships, they must have had in contemplation the payment of attorney's fees. If there was no existent obligation on the part of the receivers to this plaintiff at the moment when the promise was made, there was an agreement on their part to assume such an obligation to this plaintiff or some other attorney. Certainly the receivers had when the promise was made, and have now, a very direct interest that the defendants shall fulfill their promise to the plaintiff, because, in reliance upon their promise to do so, they conveyed to the defendants all the assets of the company which they held, and, if the promise be not fulfilled, they will themselves remain liable to compensate the plaintiff. The fact that the particular person who was to benefit from the promise was not known when the promise was made is not material. It was known that an obligation must be incurred to some attorney; if not to this plaintiff, certainly to some other. Cases are not lacking in which the rule invoked by the plaintiff has been applied, even though the obligation had not been incurred, and the identity of the beneficiary was unknown when the promise was made. Riordan v. First Presbyterian Church, 6 Misc. Rep. 84, 26 N. Y. Supp. 38; Coster v. Mayor, etc., 43 N. Y. 399. In the latter case it was said: "Nor is it an anomaly that the liability which the city assumes is not in existence at the date of its obligation, nor that the person who was to be benefited by it is not then known. * * * In Dutton v. Poole, 3 Bos. & P. 149, note 'a,' and in Schemerhorn v. Vanderheyden, 1 Johns. 139, the promisee was, at the time of making the promise, under no legal liability to the person for whose benefit the promise was made." It is true, as urged by the defendants, that the contract between the state and the city of Albany, which was the subject of discussion in Coster v. Mayor, etc., was entered into pursuant to an act of the legislature, but the plaintiff's right to recover rested, not upon the terms of the statute, but upon the contract made under its sanction. In Embler v. Insurance Co., 158 N. Y. 431, 53 N. E. 212, there are some expressions used by the learned judge writing the opinion which, taken by themselves and read without regard to the particular facts of the case, seem to make against the plaintiff's contention. The facts, however, were quite dissimilar from those with which we are now called upon to deal, and a majority of the court expressly placed their concurrence in the result upon a ground not involving any question applicable to the present case. The defendants' agreement was to pay the expenses of the accounting proceedings "as and when the same may be ascertained." This must be held to mean as ascertained according to law; that is, as ascertained by the action of the court in fixing the attorney's compensation, as it is only by such action that such compensation can legally be fixed. The answer raised no issue as to the value of the plaintiff's services, and testimony upon that subject was properly excluded.

The judgment must be affirmed, with costs.