### HURD et al. v. WING.

(Supreme Court, Appellate Division, Fourth Department. November 18, 1902.)

1. ACTION FOR PRICE—PLEADING—COMPLAINT.

A complaint alleged a sale of lumber by plaintiffs to S., and delivery on his premises, and that S. and his wife conveyed the premises to defendant, who agreed to pay for all material used by the first parties for the construction of buildings thereon. *Held*, that the complaint sufficiently showed that plaintiffs' materials went into the buildings.

2. SAME—PROMISE TO PAY DEBT OF ANOTHER.

Where the grantee of premises agreed with the grantor to pay for materials used in buildings on the premises, but the grantor was not liable therefor, the grantee's undertaking did not inure to the benefit of one having a claim for the materials.

3. SAME—SURETYSHIP.

Where a grantee, on taking title to premises, assumes the payment of claims for materials used in buildings on the premises, for which the grantor is liable, the grantee becomes the principal debtor, and the grantor surety.

Appeal from trial term, Erie county.

Action by Harvey J. Hurd and another against George Wing. From a judgment for plaintiffs, and from an order denying a new trial, defendant appeals. Reversed.

Argued before McLENNAN, SPRING, WILLIAMS, HISCOCK, and DAVY, JJ.

Charles F. Tabor, for appellant.

J. W. Russell, for respondents.

SPRING, J. The plaintiffs, who were copartners engaged in the business of lumber dealers, commenced this action to recover for lumber and building materials alleged to have been sold to Edson B. Sawdy, for which it is claimed the defendant became liable to pay. It is urged by the appellant that the complaint fails to state a cause of action. It alleges the sale of the lumber to Edson B. Sawdy; that it was delivered upon premises owned by said Sawdy and his wife; that Sawdy and the defendant have paid of said indebtedness $1,025, the entire account being $1,345.91. It further alleges that on the 6th day of May, 1896, Sawdy and his wife conveyed the premises to the defendant, and a contemporaneous agreement was entered into whereby the defendant agreed to pay the incumbrances upon the premises, and also "to assume and pay all valid claims for labor and for all material used by first parties for the construction of houses and buildings thereon, and to save and protect first parties harmless from each and all said claims or demands thereon due and to grow due and owing." An approximate statement of these claims was attached to the contract; that of the plaintiff being fixed at $375. While the complaint does not in terms allege that the materials furnished by the plaintiffs went into the construction of these buildings, yet, in conjunction with the contract, that is its plain meaning. This interpretation is further made clear by the defendant's answer, which alleges that by the contract referred to he became liable for whatever lumber and material, sold to Sawdy by the plaintiffs, were used in

the construction of the said houses, and further admits the delivery of said lumber as alleged in the complaint, and the payment of $1,025 to them, but avers that such sum paid nearly, if not fully, for all the lumber so used. It is apparent, therefore, that the real controversy between the parties arises over the quantity of lumber used in said dwelling of that delivered by the plaintiffs.

It is somewhat unfortunate that the case comes to us with a very imperfect and unsatisfactory record. It appears, however, from the meager facts disclosed, that in November, 1895, the defendant was the owner of the premises referred to in the complaint, and conveyed the same to Edson B. Sawdy, and about the same time entered into an agreement whereby Sawdy agreed to erect two houses upon the premises, each to cost not less than $6,000. On the 13th of January, 1896, Sawdy conveyed this property to his wife, and about the 1st of May abandoned his contract, and he and Mrs. Sawdy executed a conveyance of the same to the defendant, as already mentioned. There is nothing whatever in the record to show that Mrs. Sawdy was in any way liable to the plaintiffs for the debt sued upon. The lumber was sold to her husband, and there is nothing in the evidence indicating even that any part of it was furnished after Mrs. Sawdy became vested with the title, or that in the conveyance to her or by any independent agreement she assumed to pay this demand, or that her premises were even subject to a lien for the same. Upon the motion for a new trial the learned trial justice in his opinion states that Mrs. Sawdy "undertook to pay for the materials sold by the plaintiffs to her husband by furnishing to the defendant the means to pay it." If there was any evidence introduced on the trial justifying that statement, it is to be regretted that it is not contained in the record. We must, however, be controlled by the evidence in the appeal book, and that is barren of proof on that subject. It is not enough that there was a consideration from Mrs. Sawdy to the defendant to support this agreement, whereby he assumed the payment of the claims for lumber and materials; but, in order to make this inure to the benefit of the plaintiffs, Mrs. Sawdy must have been liable to them. This is the doctrine of Lawrence v. Fox, 20 N. Y. 268, Townsend v. Rackham, 143 N. Y. 516, 38 N. E. 731, Embler v. Insurance Co., 158 N. Y. 431, 436, 53 N. E. 212, 44 L. R. A. 512, and a long line of kindred cases. It may be, in view of the fact that the only question litigated was as to the value of the lumber furnished by the plaintiffs and used in the construction of the said houses, that there was proof to show that Mrs. Sawdy had undertaken the payment of this debt; but there is nothing in the record which sustains that position.

In the second place, the record does not show that there was any consideration from Sawdy, the husband, to the defendant. The title was in Mrs. Sawdy, and she could pass a good title without associating her husband with her in the conveyance.

It is urged by the appellant, in view of the clause quoted from the contract, that the agreement between the defendant and the Sawdys was one of indemnity only. This is not the construction to be given to agreements of this kind. If the defendant, upon taking the title

to these premises, assumed the payment of this claim, with others, as part of the consideration of the conveyance, he became the principal debtor, and the grantors the sureties. Clark v. Howard, 150 N. Y. 232, 44 N. E. 695; 1 Wiltsie, Mortg. Forec. § 223.

It is to be deplored that there must be a retrial of this small case, which met a like fate when in this court on a former appeal (56 App. Div. 597, 67 N. Y. Supp. 227); but, as the record is presented to us, we see no escape from the legal objections to a recovery to which we have adverted. The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event.

Judgment and order reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.