(48 Misc. Rep. 192.)

### WRIGHT v. GLEN TELEPHONE CO.

(Supreme Court, Trial Term, Clinton County.  June, 1905.)

1. PLEADING—DEMURRER—EFFECT.
    A demurrer to the complaint admits, not only the direct allegations thereof, but also whatever may be fairly inferred from such allegations liberally construed.
    [Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 525–534.]

2. TELEPHONES—FRANCHISE—CONTRACTS AS TO RATES—CONSIDERATION.
    Though the transportation law (Laws 1890, p. 1198, c. 566), § 102, gives telephone companies the right to use the streets of a city, yet this statute gives such companies no rights in public parks or other public places outside of the streets, nor does it deprive the city of its power to determine whether lines shall be run upon poles or in subways; and hence a contract between a city and a telephone company, by which the former gave the latter permission to erect poles and string wires in the streets and other public places, and the company agreed to furnish telephone service to the citizens at a certain rate, was supported by a sufficient consideration.

3. SAME—PETITIONER FOR FRANCHISE—CONTRACTUAL PRIVITY.
    Where plaintiff signed a petition for the granting of a franchise to a telephone company on condition that the company should furnish service at a certain rate, pursuant to which the franchise was granted and accepted by the company in writing, plaintiff was a party to the contract and its consideration, and was entitled to sue to enforce the performance of its provisions as to rates of charge for service.

4. SAME—EQUITY—JURISDICTION.
    A court of equity has power to compel a public service corporation to furnish all citizens alike with its service at a reasonable and just price and at uniform rates, and to prevent discrimination.
    [Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Mandamus, § 268.]

5. SAME—INSTRUMENTS—RIGHT TO FURNISH.
    Where a telephone company in procuring its franchise contracted to furnish service at a certain rate, provided the subscribers furnished their own instruments, the company was nevertheless entitled, if it desired, to furnish its instruments, but was not entitled to make any extra charge therefor.

Action by Horton D. Wright against the Glen Telephone Company.  On demurrer to the complaint.  Demurrer overruled.

Horton D. Wright, in pro. per.
Fred Linus Carroll, for defendant.

JOHN M. KELLOGG, J.  The defendant, having demurred to the plaintiff's complaint, admits, not only the direct allegations of the complaint, but also whatever may fairly be inferred from, or spelled out of, such allegations; the complaint being liberally construed in favor of the pleader.  O'Connor v. Virginia Passenger & Power Co., 46 Misc. Rep. 228, 92 N. Y. Supp. 525.  So construed, the complaint fairly shows that in the year 1900 the cities of Gloversville and Johnstown were receiving telephone service from the Hudson River Telephone Company, and the defendant presented to the common council of the city of Gloversville a petition, signed at its request by the plaintiff and many other citizens, embodying its pro-

posed terms of service, and asking that the franchise the defendant sought be granted. The defendant also presented the franchise it desired and a petition requesting that it be adopted, which was done, and the defendant duly accepted said franchise and agreed to its terms. By it, among other things, the defendant had the right to erect its poles and string its wires over the public streets, highways, alleys, and public places, and in consideration thereof was to pay the city $500, grant to it four free telephones, and furnish to the citizens office service at $2 per month and residence service at $1 per month; the party served to furnish his own telephone. The plaintiff, in writing, requested service in his office, agreed to pay the $2 per month, the rental to commence when 200 telephones were in use in each of the two cities, and the defendant furnished him the service, and he discontinued his service with the rival company. By reason of the competition between the two companies, the Hudson River Company discontinued its telephone service in said cities in the year 1904, and got control of the defendant company and its business, and manages that company. The defendant now refuses to serve plaintiff's office unless he will sign a contract agreeing to pay $3.50 per month, and use its telephone, refusing to sell him a telephone, and refusing to grant him service upon his telephone or to serve him for $2 per month. The $2 rate was a fair and reasonable rate; the $3.50 rate an excessive and unreasonable rate. The telephone furnished by the plaintiff is the same kind as previously used in his office and now in use by the defendant in other offices, and a proper instrument. Service is furnished other professional and business men, where similar or greater service is required, upon better terms, and the plaintiff and his profession are unjustly discriminated against; and plaintiff asks that the defendant, by order of the court, be required to furnish him the service at $2 per month.

It is true, as contended by the defendant, that it gets its right to pass over the public streets and highways, not from the city, but by virtue of the transportation law. Section 102, c. 566, p. 1198, Laws 1890. But this so-called "franchise" from the city gives the defendant valuable rights not secured to it by the transportation law. That law gives the defendant no rights in the public parks or upon the public property or public places of the city outside of the highways. Neither does that law deprive the city of its police power, under which it may determine how the lines are to run—whether upon poles, or in subways or conduits—and many other things relating to the transaction of the business. By engaging in this public utility, the defendant becomes subject to certain rights of, and restraints by, the municipalities through which it operates. City of Rochester v. Bell Telephone Co., 52 App. Div. 6, 64 N. Y. Supp. 804; American Rapid Telephone Co. v. Hess, 125 N. Y. 641, 26 N. E. 919, 13 L. R. A. 454, 21 Am. St. Rep. 764. There is, therefore, sufficient consideration between the defendant and the city, and the contract is binding between them. While the defendant is operating its lines pursuant to that so-called "franchise," and getting the full benefit of its contract with the city, and occupying its public

places, it is not in a good position to urge in a court of equity that it cannot be required to perform its part of the agreement.

The defendant relies upon Embler v. Hartford Steam Boiler Insurance Co., 158 N. Y. 431, 53 N. E. 212, 44 L. R. A. 512, and the principles there discussed, claiming that the city owed no duty to its citizens to obtain cheap telephone rates for them; that the plaintiff is not a party to, or in privity with, the parties to the contract, and therefore cannot maintain this action. In that case the employer obtained the policy insuring against accidents; the defendant agreeing to pay for the loss of life or injury to the assured, or any person in his employ, not to exceed $5,000 for each person killed or injured, the payment to be for the benefit of such person or his representative. The representative of the deceased employé brought an action against the company, and settled for $1,500. The estate then assigned its interest in the policy to the plaintiff, who brought the action to recover the balance of the $5,000. Judge Gray, who wrote the opinion, held that a recovery could not be had because of want of privity, and that the employer was under no duty to insure the employé, and that for that reason the action could not be maintained; but the majority of the court concur in the result, putting their decision upon the ground that at the most the policy was one of indemnity only, and, the estate having settled for $1,500, there could be no further recovery on account of that death. It is but fair to infer from the memorandum of the majority of the court that if there had been no settlement plaintiff could recover. This case shows that the doctrine in the former cases is not at least to be extended any further, and emphasizes the suggestion that the right of a third person to recover upon a contract made by other parties for his benefit must rest upon the peculiar circumstances of each case, rather than upon the law of some other case. The public parks and public places of a city are for the pleasure and satisfaction of the citizens, and they have rights in those places; and when a city grants to a telephone company the right to erect its poles and string its wires in those places, interfering more or less with the use of the same by the citizens, it is not only its right but its duty to require that the citizens shall all be treated alike in the service to be rendered, and that they shall receive service at the same reasonable rates that is furnished in rival cities. In lieu of requiring a large compensation paid to itself for these rights, at the request of the company, it may require a nominal sum, and safeguard the rights of its citizens in such respects as it deems necessary and proper. But here the plaintiff's rights rest not only upon these considerations, but at the defendant's request he signed the petition to the common council, embodying the terms of service, and requesting that the contract be made and the franchise granted, and upon that petition the so-called "franchise" was granted by the city, and the defendant in writing accepted and agreed to its terms. These four papers should be read together. Afterwards the plaintiff requested service, agreeing to pay the $2 per month. The defendant accepted his request, and furnished the service. This request for service and the furnishing of the service must refer back and relate to these

public documents. The plaintiff, therefore, became a party to the contract and its consideration—connected with it in the making of it—and upon his request, as well as that of the defendant, the contract was made. It was made for his benefit, as well as the benefit of the defendant and the municipality itself.

I therefore hold that the contract between the defendant and the city is valid, and that plaintiff may insist that the defendant comply with its terms and conditions so far as he is concerned. Most of the cases cited by the defendant where a third person has not been able to recover upon a contract made between others are actions of law, and are governed by the strict rules of law. In this action for an injunction a court of equity is not controlled by such rules, but is principally concerned in knowing whether the defendant owes a duty to the plaintiff, and is violating that duty; and, if so, it has the power to grant such relief as is proper. But the plaintiff is not necessarily proceeding for the enforcement of the contract. The defendant, by this so-called "franchise," admitted in the most public manner that $2 per month was an ample compensation for office service, and that it was reasonable and proper that the party receiving the service should furnish his own telephone. It has been furnishing offices at $2 per month, and if that rate was reasonable when it was building up its business against a competitor, it is equally reasonable after it has crushed out the competitor, and compelled it to make terms with it. The $3.50 is alleged and admitted to be an excessive rate, and is more than the defendant has agreed to furnish similar service to the city for, and to all offices in the city, and it discriminates against the plaintiff in favor of offices in which other business is transacted, and where the service is the same or less than in plaintiff's office. A court of equity has power to compel a public service corporation to furnish all citizens alike with its service at a reasonable and just price and at uniform rates, and to prevent discrimination. The defendant has a certain right to carry on its business in its own way where it does not prejudice the rights of others, and if it is more desirable for it to use its own telephone in place of the telephone of a customer, it should have this right for its own accommodation, but should not charge the customer therefor. Therefore in this case the judgment should provide that if the defendant desires, it may use its own proper telephone, but shall not charge for the use thereof, and shall render the service at $2 per month.

The demurrer is therefore overruled, and an interlocutory judgment is ordered accordingly, with leave to the defendant to withdraw the demurrer within 30 days, upon the payment of $35 costs.