(161 App. Div. 187)

RIGNEY et al. v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Third Department.  March 4, 1914.)

1. CONTRACTS (§ 187*)—CONSTRUCTION—THIRD PERSONS.

The defendant railroad company's tracks intersected a public street, passing under a bridge which it erected and maintained. The bridge becoming unfit for use, the municipality required that it be repaired or rebuilt, and the railroad company submitted plans for a new bridge with the same clearance, but longer. The municipality deeming a greater clearance necessary for the protection of the railroad employés, the company submitted plans raising the bridge accordingly, and the city permitted the construction of the lengthened and higher bridge, upon the company contracting that, in case of damages resulting from the reconstruction of the bridge to any person or property, it would pay the same, and save the city harmless from any actions brought on account of the bridge. *Held,* that as it was not for the interest of the city to have the bridge raised, but for the interest of the railroad company, the contract was for the benefit not only of the city, but property owners whose land was injured by the new bridge.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 798–807; Dec. Dig. § 187.*]

2. CONTRACTS (§ 54*)—CONSIDERATION—SUFFICIENCY.

That a municipality allowed a railroad company, which was bound to maintain a bridge carrying a street over its tracks, to elevate the new bridge and increase its length, instead of requiring the tracks to be lowered, was sufficient consideration to support an agreement on the part of the railroad company to pay all damages accruing by reason of the reconstruction.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 233–239, 242, 243, 251, 254, 255, 291–315; Dec. Dig. § 54.*]

3. CONTRACTS (§ 330*)—PARTIES ENTITLED TO SUE.

Where a railroad company, in consideration of the municipality allowing it to elevate a bridge over its tracks, agreed to pay all damages which might accrue, by reason of the elevation, property owners injured have sufficient interest to maintain an action upon the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1589, 1591–1594, 1596, 1597, 1602–1604; Dec. Dig. § 330.*]

Appeal from Trial Term, Rensselaer County.

Action by James J. Rigney and others against the New York Central & Hudson River Railroad Company. From a judgment dismissing the complaint with costs, plaintiffs appeal. Reversed and remanded.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Loucks & Loucks, of Albany (William Dewey Loucks, of Albany, of counsel), for appellants.

Visscher, Whalen & Austin, of Albany (Robert E. Whalen, of Albany, of counsel), for respondent.

JOHN M. KELLOGG, J.  In the city of Rensselaer the defendant's railroad intersects Columbia street, passing under a bridge erected and maintained by the defendant as a continuation of the street. There was a clearance between the bridge and the rails in the tracks of about 16⅙ feet. The bridge and its approaches did not interfere materially

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

with the plaintiffs' premises, or the easy access thereto, and had been maintained in substantially the same condition for about 38 years.

[1] The bridge became unsafe for use in connection with the public street, and the city authorities required that it be repaired or rebuilt. The defendant submitted plans for a new bridge with the same clearance but about 46 feet longer, thereby giving the defendant that much the more room for its tracks under the bridge. The city deemed it necessary, apparently for the protection of the men on the freight cars and perhaps others others using the railroad, that there should be a clearance of at least 21 feet. The defendant submitted plans raising the bridge accordingly. The city permitted the construction of the lengthened and higher bridge, and passed the necessary ordinances for the work and its approaches upon the defendant executing a contract in which it "expressly covenants and agrees that in the event of any damages resulting from the work as it progresses, or thereafter, as a result, or in consequence thereof, or from any matter or thing connected therewith, arising therefrom, to any person or property including damage resulting from change of grade of street, being approaches to said bridge, it will pay and liquidate the same at its own expense and assume the liability therefor, and in the event of any action or actions, proceeding or proceedings of any kind or description being brought against the city of Rensselaer, by reason of, or on account of, or growing out of said work or its construction, or to prevent the performance thereof, or anything connected therewith, and the said party of the second part will at its own expense defend the same, and will pay any judgment or award recovered therein, and will in all respects fully indemnify and save harmless the said city, its officers, agents and representatives, from any and all costs, expenses, payment of judgment to be recovered or incurred in such action or actions, proceeding or proceedings."

It was not for the interest of the city to have the bridge raised above the street so that it would be necessary to build embankments in the street to make approaches to the bridge. The clearance required could have been made by the defendant by depressing its tracks, leaving the street in substantially its former condition. The requirement of the city did not mean that the bridge must be raised; it simply meant that the defendant should, in a proper way, provide for the necessary clearance. By raising the bridge it became necessary to build an embankment in the street extending out in front of the defendant's premises. By lengthening the approach it made the embankment in front of the plaintiffs' premises higher and extended it further. The defendant evidently felt that it was for its interest to raise the bridge rather than depress its tracks.

It would therefore seem that the embankment in the street and the obstruction to the plaintiffs' premises were caused in the interest of the defendant and not in the interest of the city, and there is reason for the claim, within Reining v. N. Y., L. & W. R. Co., 128 N. Y. 157, 28 N. E. 640, 14 L. R. A. 133, and Smith v. Boston & Albany Ry. Co., 181 N. Y. 132, 73 N. E. 679, that, although the plaintiffs would have no remedy against the city for an ordinary change of grade in a pub-

lic street abutting upon their premises, yet where the grade is changed for the benefit of a railroad, and not the city, the plaintiffs are not without remedy.

The agreement executed by the defendant divides itself into two parts, by one of which it assumes and agrees to pay any damages aris⁺ing from the work, or from any change of grade in the street, to any person or property, and by the other it agrees that it will defend any action or proceeding brought against the city on account of the work or its construction, or to prevent the performance thereof or anything connected therewith, and will pay any judgment recovered in such suit and save the city from any costs, expense, or damage on account of such judgment. Evidently it was better for the city that the tracks should be depressed than have an embankment built in the public street. If the tracks were depressed there would be no change of grade in the streets and no injury to the abutting property owners. Perhaps it was more economical for the defendant to assume and pay the damages which any person might sustain on account of the work, or of any change of grade, than to depress its tracks. It is inconceivable that the city, in order to save money for the defendant and to accommodate it by permitting it to build a longer bridge, would be willing to visit the damages caused thereby upon its citizens. It knew that if it were making a change of grade in a public street, in the public interest, an abutting owner could recover no damages on account thereof. It evidently did not intend to favor the company or to injure its citizens, but sought to treat all with fairness and to provide that if the defendant executed the work upon the plan proposed it must pay any damages coming to any one from a change of grade.

The contract should not therefore be construed as intending solely to indemnify the city against claims against it which were enforceable by action, but should be construed with reference to the facts as they actually existed and as fairness would seem to require. It was the duty of the city to require the tracks to be depressed so that its citizens should not be injured by a change of grade in the street, which would be necessary if the bridge were raised; or, if it permitted the defendant for its benefit to make the change in the grade of the public street, that it should make good to the abutting property owners the loss which they would sustain thereby.

The defendant was accorded rights by the city which it was not legally entitled to, and the city and the defendant knew that the exercise of those rights must necessarily injure the plaintiffs. It was therefore the right and the duty of the city, in granting the favor, to assure protection to the plaintiffs. They may therefore recover upon the contract. Bernhard v. City of Rochester, 127 App. Div. 875, 112 N. Y. Supp. 229; Id. 194 N. Y. 566, 88 N. E. 1114; Wright v. Glen Telephone Co., 48 Misc. Rep. 192, 197, 95 N. Y. Supp. 101.

[2, 3] It is also proper to observe that, the change of grade being for the benefit of the defendant and not for the benefit of the city, there was at least some question whether an abutting owner might not have a remedy for an injury to his property resulting therefrom. The contract evidently intended to make that matter certain, and provided a

liability against the defendant. There was sufficient consideration for that contract, and the plaintiffs are sufficiently connected therewith to enable them to maintain the action.

The judgment is therefore reversed, and a new trial granted, with costs to the plaintiffs to abide the event. All concur.