GREATER NEW YORK TAXPAYERS MUTUAL INSURANCE ASSOCIATION and Another, Plaintiffs, *v*. SINRAM BROS., INC., and Another, Defendants.

City Court of New York, New York County, October 10, 1933.

*Harold M. Phillips*, for the plaintiffs.

*William J. Moran* [*Bernard J. McGlinn* of counsel], for the defendant Travelers Insurance Company.

NOONAN, J. From the complaint it appears that on June 21, 1928, Sarah Rosen, while walking upon the sidewalk adjacent to premises No. 1365 Findlay avenue, borough of The Bronx, New York city, was injured by falling into a coal hole, the cover of which was insecurely fastened. On the day of the accident the defendant Sinram Bros., Inc., had delivered coal to the premises pursuant to a contract for its purchase made with the owner, Sativel Realty Corporation, one of the plaintiffs, and it is alleged that it was the

negligent act of the employees of this defendant which left the cover of the coal hole in an insecure position. Sinram Bros., Inc., was insured by its codefendant, Travelers Insurance Company, against injuries caused to third persons by the use of certain automobiles, specified in the policy, which were operated by the insured, and also against liability in connection with the negligence of employees of the insured in replacing coal hole covers. The Sativel Realty Corporation at the time of the accident was protected by a public liability policy which covered the premises in question and which was issued by its coplaintiff, Greater New York Taxpayers Mutual Insurance Association.

Sarah Rosen brought action against the Sativel Realty Corporation and Sinram Bros., Inc., as joint tort feasors to recover for the injuries suffered by her. This action was settled before trial by the payment to Sarah Rosen of the sum of $1,500 by the Greater New York Taxpayers Mutual Insurance Association.

It is alleged that this settlement was made in the presence of an authorized representative of the Travelers Insurance Company. Pursuant to the terms of the policy issued to the Sativel Realty Corporation the Greater New York Taxpayers Mutual Insurance Association, as insurer, became subrogated to the rights of the insured and both corporations are joined as plaintiffs in this action against Sinram Bros., Inc., and the Travelers Insurance Company to recover a sum of money equivalent to that paid in settlement of Sarah Rosen's action.

A previous motion was made in this case by the same defendant for judgment on the pleadings, pursuant to rule 112 of the Civil Practice Act. This motion was granted, with leave to amend, on the ground that there was no allegation in the complaint from which an inference could be drawn that any contract was entered into between Sinram Bros., Inc., as the insured, and the Travelers Insurance Company as the insurer for the benefit of the plaintiffs or either of them. The only difference between the complaint on that motion and the one now submitted as the amended complaint is that the present complaint contains the additional allegations of paragraphs 8 and 9 which set forth excerpts from the policy of insurance issued by the Travelers Insurance Company which the plaintiffs deem material. One excerpt contained in paragraph 8 of the amended complaint alleges that the defendant Sinram Bros., Inc., was insured by the defendant Travelers Insurance Company against loss by reason of the liability imposed by law for damages because of bodily injuries including death at any time resulting therefrom, accidentally sustained by any person or persons, if caused by the ownership or maintenance of any automobile disclosed in a certain paragraph of the policy or the use thereof for

the purposes therein defined. The other excerpt embraced in paragraph 9 of the amended complaint refers to a rider attached to the policy which provided that the policy was to cover the liability of the assured in connection with claims arising by reason of alleged negligence of employees in replacing coal hole covers incidental to the loading and unloading of automobiles insured.

The plaintiffs seek to hold the moving insurance company as a defendant under the theory that the contract of insurance was made for their benefit, although not named therein. The amended complaint, however, utterly fails to disclose any such contractual right. The policy of insurance by its terms as set forth in the amended complaint did not insure for the benefit of either of these plaintiffs. If the policy may be said to have been made for the benefit of any third person it was for Sarah Rosen's benefit, the injured party. Surely it could not be said to have been made for the benefit of the Sativel Realty Corporation, who it was alleged by Sarah Rosen in her complaint against her wrongdoers to have been a joint tort feasor with Sinram Bros., Inc.

There was no intent on the part of Sinram Bros., Inc., the principal in the insurance policy, nor was there any obligation or duty owing from either Sinram Bros., Inc., or its insurer, which conferred upon the plaintiffs or either of them a legal or equitable claim to the benefits of the policy. The plaintiff's cause of action as stated in the amended complaint does not come within any of the classes of cases which the Court of Appeals in *Seaver* v. *Ransom* (224 N. Y. 233) declared as coming within the doctrine of *Lawrence* v. *Fox* (20 N. Y. 268).

A case somewhat similar to the one at bar was *Embler* v. *Hartford Steam Boiler Inspection & Ins. Co.* (158 N. Y. 431). Referring to that case the court said in *Seaver* v. *Ransom* (*supra,* at p. 240): " In *Embler* v. *Hartford Steam Boiler Inspection & Ins. Co.* (158 N. Y. 431) it may at least be said that a majority of the court did not avail themselves of the opportunity to concur with the views expressed by GRAY, J.,— who wrote the dissenting opinion in *Buchanan* v. *Tilden* [158 N. Y. 109],— to the effect that an employee could not maintain an action on an insurance policy issued to the employer, which covered injuries to employees." The plaintiffs may have a cause of action under section 109 of the Insurance Law against the moving defendant, provided it is established that a judgment has been recovered and that an execution has been returned unsatisfied against the insured, Sinram Bros., Inc.

The motion is granted, with ten dollars costs, and the amended complaint is dismissed on the merits as against the defendant Travelers Insurance Company. Order signed.